OPINION OF THE COURT
Joseph D. Valentino, J.
FACTS
Defendant has been charged with aggravated harassment, *941 second degree, in violation of Penal Law § 240.30 (1) which provides:
"A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he:
"1. Communicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm”.
The facts as alleged in the criminal information are essentially as follows: Complainant Janice Scott called her ex-husband’s residence in New York City. Defendant, the girlfriend of the ex-husband, "got on the phone and stated to complainant that she was going to get a gun and kill her”; that defendant "didn’t have to bother coming up there [to Rochester]”; she would "just make a phone call and have it done”; that she "had connections”.
SUFFICIENCY OF INFORMATION
Defendant asserts that the information is insufficient because it fails to allege that the defendant initiated the communication. She argues that in order to be guilty of aggravated harassment, second degree, one must initiate the communication, as opposed to being the recipient of the communication.
In the present case, it is the complainant, not the defendant, who initiated the communication according to the information.
I. History
The original New York statute relating to harassing telephone calls was contained in section 555 of the former Penal Law. The statute, entitled "malicious telephone calls”, stated: "A person who maliciously uses any telephone instrument to make a call for the purpose of threatening to commit a crime against the person called or any member of his family or any other person or for the purpose of using obscene language to a person of the female sex or to a male child under the age of sixteen years is guilty of a misdemeanor.”
This statute was aimed at those who violated others’ privacy by "obscene” calls to women. (People v Cirruzzo, 53 Misc 2d 995, 996.) In Cirruzzo, the court referred to this type of activity as "trespass by telephone,” stating that "[t]hose who feel that the telephone is a necessary adjunct to comfort do *942 not intend its possession to constitute an open invitation to uninvited abuse.” (53 Misc 2d, supra, at 995.)
The language of the original statute clearly addressed only those circumstances in which the defendant initiated the telephone call. In 1967 the statute was revised to include other forms of communication such as telegraph and mail. However, there is no reason to believe that the statute was broadened to include recipients of telephone calls. This court cannot perceive that there was a legislative intent to prevent an angry response to an annoying telephone call by the imposition of a criminal charge against the recipient of the telephone call.
The amended statute also reflected the legislators’ intent to include those callers who used a machine to initiate or repeatedly make telephone calls. The present statute, reflecting the additional language added in 1969 to address such machines, added the language " 'or causes a communication to be initiated * * * otherwise’ ”. (See, Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.30, at 310.)
Absent the additional phrase, the present statute would address a person who "communicates * * * with a person * * * by telephone”. (Penal Law § 240.30 [1].) The word "communicates”, in contrast to the phrase "makes a telephone call” contained in the original statute, broadened only the means by which offensive language could be transmitted. Also, communication by telegraph and mail could be addressed within the same statute. Notably, each of the other methods of communication listed in the statute — mail, telegraph or other written media, must by their nature be initiated by a defendant.
II. Legislative Intent to Prohibit Invasion of Privacy
The present aggravated harassment statute transforms communications which might otherwise be considered simple harassments to misdemeanors. The more serious charge of aggravated harassment, with its increased penalties, was intended to protect privacy interests.
In People v Smith (89 Misc 2d 789, 791), the court found that: "[E]ven if, as here, the content of the communication is unobjectionable, a violation of subdivision 1 will occur if the communication is directed to an unwilling listener under circumstances wherein 'substantial privacy interests are being invaded in an essentially intolerable manner’ ”.
*943 Thus, in the Smith decision (supra), the court recognized that the act became criminal by a defendant’s invasion of another’s privacy. Such is not the case when the complainant initiates the telephone call.
CONCLUSION
Based on the history of the statute, the legislative intent, and the interests sought to be protected, it is the opinion of this court that aggravated harassment must involve initiation of a communication by a defendant. The facts as alleged in the instant accusatory instrument do not state that defendant initiated any telephone call. Defendant’s actions as alleged in the information do not fall within the statutory proscription of Penal Law § 240.30, therefore defendant’s motion to dismiss the information should be granted.