OPINION OF THE COURT
M. Arthur Eiberson, J.
The defendant’s motion pursuant to CPL 170.30 (1) (a) and (g) for an order dismissing the information filed in this action is granted upon the ground that said information is facially insufficient.
In People v Alejandro (70 NY2d 133 [1987]), the Court of Appeals stated that CPL 100.40 (1) establishes three conditions for the facial sufficiency of an information, i.e., (1) conformity with CPL 100.15, which prescribes the form and content for informations, misdemeanor complaints and felony complaints, (2) allegations which provide reasonable cause to believe that the defendant committed the offense, and (3) nonhearsay allegations which establish, if true, every element of the offense charged. This third requirement, also referred to as the "prima facie case” requirement, applies only to informations. The reason for this requirement is that "[u]nlike a felony complaint (CPL 180.10), [an information] is not followed by a preliminary hearing and a Grand Jury proceeding. Thus, the People need not, at any time prior to trial, present actual evidence demonstrating a prima facie case, as with an indictment following a felony complaint.” (People v Alejandro, supra, at 138.) Moreover, the failure of an information to comply with the "prima facie case” requirement for facial sufficiency is a jurisdictional defect, rendering such information fatally defective. (People v Alejandro, supra.)
In this criminal action, the defendant is charged with a violation of subdivision (1) of Penal Law § 240.30 (aggravated harassment in the second degree). As related to the facts in *771 this case, subdivision (1) provides that a person is guilty of aggravated harassment in the second degree when "with intent to harass, annoy, threaten or alarm another person, he or she * * * [c]ommunicates * * * with a person, anonymously or otherwise, by telephone * * * in a manner likely to cause annoyance or alarm”. The information filed in this action alleges that on September 16,1993 "The defendant who placed a help wanted ad in Newsday and when the victim called the defendant he [asked sexually explicit and lewd questions] over the phone to the victim when she inquired about the job.” Attached to the information are two supporting depositions by the complainant dated September 16, 1993 and September 23, 1993.
The first argument raised by the defendant is that the information is insufficient because there is no allegation that the defendant "initiated” the telephone call referred to in the information. The defendant cites People v Almalfi (141 Misc 2d 940 [Rochester City Ct 1988]), which held that an information which does not allege that the defendant initiated the telephone call is insufficient in that it does not allege a necessary element for the violation of subdivision (1) of Penal Law § 240.30.
In Almalfi (supra), the court explained that the original New York statute relating to harassing telephone calls was contained in former Penal Law § 555 and entitled "malicious telephone calls.” This statute provided, in part, that "[a] person who maliciously uses any telephone instrument to make a call for the purpose of threatening to commit a crime * * * or * * * usjng obscene language * * * is guilty of a misdemeanor.” (Emphasis added.) Accordingly, under the original statute, the defendant was required to initiate the call in order to violate that statute.
However, subdivision (1) of Penal Law § 240.30 does not contain the phrase "to make a call.” Instead, it simply provides that a person violates that subdivision when he or she "[c]ommunicates * * * with a person * * * by telephone.” Notwithstanding this substantial change in wording, the Almalfi court, nonetheless, concluded that the Legislature intended no change to the requirement that the defendant initiate the call.
This court disagrees with the conclusion reached in Almalfi (supra). The language in subdivision (1) of Penal Law § 240.30 is clear and unambiguous. The Legislature placed no *772 limitation on the word "communicates.” Had the Legislature intended to limit the application of subdivision (1) to only those cases in which the defendant initiates the call, it would have used language similar to that in subdivision (2) of the same section. Subdivision (2) provides that a person is guilty of aggravated harassment in the second degree when he or she "[m]akes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication.” Furthermore, this court also finds the Almaty decision unpersuasive in view of the Commission Staff Notes to Penal Law § 240.30, which state that: "Subdivision 1 embraces two former Penal Law offenses (former §§ 551, 555). The new offense, however, is substantially broader than the collective former pair.” (CLS Cons Laws of NY, Book 23B, Penal Law § 240.30, at 261.) Accordingly, this court concludes a person need not initiate a telephone call in order to violate subdivision (1) of Penal Law § 240.30.
The defendant also argues that the information filed in this action is defective because it does not sufficiently identify him as the person with whom the complainant spoke. With respect to the issue of identification, the supporting deposition dated September 16, 1993 states that "The male voice who identified himself as Mark Hume answered the phone * * * I asked him his name * * * He said his name was 'Mark Hume.’ ” The supporting deposition also states that "I was listening on the extension phone [later that day]. It was the same person I talked to in the morning. This time he said his name was John and that his address was.” The supporting deposition dated September 23, 1993 further alleges that "I * * * made a telephone call to (516) * * * I recognized the voice of the man that answered the phone as the same voice that I spoke to on Sept. 16, 1993 in reference to a job at that office. At that time the same man asked me * * * I am positive that the voice is the same man I spoke to on Sept. 16.”
It has been stated that "[tjhere can be no greater miscarriage of justice than the conviction of an innocent person as a result of mistaken identification.” (People v Crudup, 100 AD2d 938, 939.) The identity of the party to whom a witness was speaking in a telephone conversation may be established where the witness "knew the speaker and recognized his voice at the time of the telephone conversation.” (Richardson, Evidence § 364 [f], at 351 [Prince 10th ed]; Murphy v Jack, 142 *773 NY 215.) The supporting depositions contain no such allegation.
If the witness was not acquainted with the speaker, and, therefore, did not recognize his voice at the time of the telephone conversation, the telephone conversation is admissible if the witness testifies that she met the speaker thereafter and then recognized his voice as the voice she had heard over the telephone. (Richardson, Evidence, op. cit.; People v Dunbar Contr. Co., 215 NY 416, 422.) The allegations in the supporting deposition do not establish that the complainant either knew the defendant before she called him on September 16, 1993 or ever met him and recognized his voice for the first time thereafter. Accordingly, these depositions fail to establish that the "male voice” which the complainant allegedly spoke with on September 16, 1993 was that of the defendant.
In an attempt to cure the problem of identification which exists in the supporting depositions, the People have annexed a new supporting deposition to the papers which were submitted in opposition to this motion. The People are requesting that the information be amended to include the new supporting deposition. The new supporting deposition, also dated September 23, 1993, repeats the allegations contained in the original supporting deposition of the same date, but includes the following change to the last sentence: "I am positive that the voice is the same man I spoke to on Sept. 16, known to me now as John McDermott, date of birth 09-08-54.”
This new supporting deposition does not allege that the complainant knew the defendant or was familiar with his voice when she called him on September 16, 1993, nor does the new supporting deposition state how the complainant "now” knows the voice to be that of the defendant. In other words, the complainant has failed to allege the factual basis upon which her opinion as to the identity of the voice is based. (See, Murphy v Jack, supra.) Accordingly, this court concludes that the allegations in the supporting depositions filed in this action together with the new supporting deposition are insufficient to establish the identity of the defendant.
In view of the failure of the accusatory instrument to set forth a prima facie case against the defendant, the charges contained in the information filed in this criminal action are hereby dismissed.