OPINION OF THE COURT
Domenick J. Porco, J.
The defendant is accused of aggravated harassment in the second degree under Penal Law § 240.30 (1). The information sets forth the following allegations: "That on the above date and time at [sic] while at # 38 Lee Ave. in the Town of Eastchester, County of Westchester in the State of New York, your deponent did receive a telephone call where her phone rang once. Your deponent then initiated 'Phone Smart’ feature *69 to call back the number. When the 'Phone Smart’ feature completed the call the above named defendant, who is an ex-boyfriend of your deponent, answered the phone. At this time a conversation ensued where the above named defendant stated T can always find you and get my hands on you’ thus causing your deponent to be alarmed and fear for her safety.” Claiming that the accusatory instrument is facially insufficient, defendant moves to dismiss pursuant to CPL 170.30 and 170.35. He first asserts that the allegation it was he and not some other member of his household who initiated the single-ring *910 telephone call is conclusory and therefore insufficient to establish his identity. In addition, he identifies four defects in the factual allegations which, he contends, belie several elements of the offense. Specifically, defendant asserts that a telephone call aborted after a single ring and without conversation does not constitute a "communication” within the meaning of the statute; that the threatening remark was uttered during a conversation initiated by the complainant, not the defendant, and therefore does not come within reach of the statute; that a single telephone call, even if initiated by the defendant and from which conversation ensues, amounts to nothing more than an "isolated incident” and fails to establish the requisite criminal intent.
DISCUSSION
An accusatory instrument is sufficient on its face if it contains factual, nonhearsay allegations establishing each element of the offense charged and the defendant’s commission thereof. (CPL 100.40; People v Alejandro, 70 NY2d 133, 137 [1987].) So far as is relevant here, a person commits aggravated harassment in the second degree under subdivision (1) of Penal Law § 240.30 when (1) with intent to harass, annoy, threaten or alarm another, (2) he or she communicates with a person, anonymously or otherwise, (3) by telephone, (4) in a manner likely to cause annoyance or alarm.
I
Defendant first challenges the sufficiency of the allegations establishing his identity as the actor, claiming that "it could have been any member of the Rusciano household, i.e., parents or other siblings residing at [his] residence” who made the initial call to the complainant. By thus limiting the universe of plausible candidates to members of his household, defendant apparently concedes the reliability of the "*69” feature used by the complainant to identify the telephone unit from which the call was made. This concession is fatal to defendant’s argument because, together with the allegation that he answered the telephone once the *69 process was completed, the inference flows without effort, at least for present purposes, that it was he who, moments earlier, placed the call to the complainant. As the People correctly note in their opposing papers, "any issues concerning whether other persons were in the household at the time is an issue to be raised at trial.”
*911 II
Defendant’s argument that the accusatory instrument fails to establish various elements of the charged offense is more forceful. He contends that the term "communicates” in subdivision (1) of Penal Law § 240.30 requires the offending telephone call to be completed, i.e., answered, and that some conversation ensue between the parties during that call. Here, defendant notes, the allegation is simply that the complainant’s telephone rang once before the call was aborted and that the threatening or alarming remark occurred only during the call initiated by the complainant.
The People argue in opposition that "the statute does not indicate that the telephone must ring a certain number of times” and that "the crime of aggravated harassment may be completed when the telephone is not answered and no communication ensued”, citing People v Green (63 Misc 2d 435 [Crim Ct, Kings County 1970]). The People’s reliance on Green is misplaced, however. Although the defendant in that case was charged with aggravated harassment for making 35 "ring and hang up” calls, the issue before the court was whether the telephone company’s use of a pen register to identify the defendant as the perpetrator came within the then-existing prohibition against interception of telephone "communication”. The prosecutor argued that the pen register did no more than simply record the act of dialing and the number dialed and its use therefore did not constitute "interception of a communication”. The court rejected that argument, holding that " 'dialing’ is equivalent to a 'communication’ ”. (Supra, at 438.) That conclusion was heavily influenced by several Federal decisions construing section 605 of the Federal Communications Act of 1934 (47 USC § 605) to embrace use of a pen register within its prohibition of interception of "telephone communications”. That premise has since been abandoned, however. Both the United States Supreme Court and the New York Court of Appeals have found that use of a pen register does not raise constitutional concerns (see, Smith v Maryland, 442 US 735 [applying the Fourth Amendment]; People v Guerra, 65 NY2d 60 [applying NY Const, art I, § 12]) precisely because a pen register does not "acquire the contents of communications” (Smith v Maryland, supra, at 741). Contrary to Green’s holding, the law now recognizes the qualitative distinction between the act *912 of dialing and the act of "communicating” that may or may not ensue.[1]
Nowhere is that distinction more evident than in the statute itself, which employs different verbs to define the offending conduct under its two subdivisions. Thus, while subdivision (1) of Penal Law § 240.30 speaks to the act of "communicating” in a manner likely to cause annoyance or alarm, subdivision (2) addresses the mere "[m]ak[ing] [of] a telephone call, whether or not conversation ensues, with no purpose of legitimate communication”. As was recently noted, "[a] comparison of the two subdivisions makes clear that subdivision (1) contemplates harassment stemming from a communication (see, People v Miquez, 147 Misc 2d 482 [Crim Ct, NY County 1990], affd 153 Misc 2d 442 [App Term, 1st Dept 1992]; People v Smith, 89 Misc 2d 789 [App Term, 2d Dept 1977]), whereas subdivision (2) contemplates harassment stemming from the act of telephoning.” (People v Portnoy, 158 Misc 2d 60, 63 [Crim Ct, Kings County 1993].) In the wake of these decisions, the People’s blanket assertion that "aggravated harassment may be completed when the telephone is not answered and no communication ensued” without regard to the specific subdivision implicated is, quite simply, incorrect.
Accordingly, this court holds that to establish a violation of subdivision (1) of Penal Law § 240.30 the accusatory instrument must allege that the telephone call was completed and that the defendant uttered words or otherwise communicated in a manner likely to cause annoyance or alarm.
Ill
The accusatory instrument in this case does allege that a conversation took place between defendant and the complainant, during which defendant made the threatening remark, "I can always find you and get my hands on you.” The rub is that the exchange is alleged to have occurred during the telephone call initiated by the complainant after activating the *69 feature on her telephone. The defendant argues that to come within reach of Penal Law § 240.30 the offensive conduct must occur during a call initiated by the defendant. There is support for defendant’s position.
In People v Amalfi (141 Misc 2d 940 [Rochester City Ct 1988]) the complainant called her ex-husband’s residence in New *913 York City but was confronted by the defendant, the girlfriend of the ex-husband, who got. on the phone and made several threatening remarks. Charged under Penal Law § 240.30 (1), the defendant moved to dismiss, asserting that the information was insufficient because it failed to allege an essential element of the offense, that she initiated the communication. After a thorough review of the history of the present statute and its predecessors, the court granted the motion to dismiss, concluding that it could not have been the legislative intent "to prevent an angry response to an annoying telephone call by the imposition of a criminal charge against the recipient of the telephone call”. (Supra, at 942.)
The parties in this case have not cited Amalfi (supra) — nor any other case for that matter — in support of their respective position on this interesting question. The court’s own research discloses nothing on point beyond Amalfi. Although that decision is not binding on this court, its analysis and the logic of its conclusion is compelling.
The gravamen óf the crime of aggravated harassment is the use of the telephone, but for which the accompanying offending conduct would constitute, other elements being present, simple harassment. {See, Penal Law § 240.26 [3].) Since there is nothing inherently more evil in threatening or annoying someone over a telephone line than doing so face-to-face, the more severe criminal sanctions of Penal Law § 240.30 are clearly directed at the affirmative, not passive, use of the instrument by the offender. It is the additional harm inflicted by the intrusive quality of the act of telephoning that "aggravates” the harassment,[2] and where the offensive remarks are uttered by the recipient of the call that additional harm is simply not present.
The People argue here that the element of initiation is satisfied because, since the complainant’s call was precipitated by the defendant’s moments earlier, the defendant "caused” the latter communication to be initiated. But the phrase in subdivision (1) of Penal Law § 240.30 "or causes a communication to be initiated by mechanical or electronic means or otherwise” was not intended to provide an alternative theory of criminal liability. To the contrary, the Court of Appeals has construed this clause as "defin[ing] only how the communication is initi *914 ated”. (People v Viau, 50 NY2d 1052, 1053 [1980], quoting the Practice Commentary observation that thé clause was " 'directed mainly to a mechanical or electronic commercial device which is attachable to a telephone and may be set to make repeated — and doubtless annoying — telephone calls of recordings to prospective customers’ ”.) Thus, the notion that the communication must be initiated by the defendant to come within the ambit of the statute is strengthened by the additional language.
IV
Defendant’s final claim is that since a single telephone call is insufficient to constitute simple harassment under Penal Law former § 240.25 (5) (now Penal Law § 240.26 [3]), as the Court of Appeals held in People v Chasserot (30 NY2d 898 [1972]), it cannot be the basis of a conviction for the more serious aggravated harassment under Penal Law § 240.30. The difficulty with defendant’s argument is that it ignores the language of the two statutes. By its terms, section 240.26 (3) proscribes "a course of conduct” or the "repeated[ ] commission]” of offensive acts, words that are pointedly not present in either subdivision of section 240.30. Indeed, the latter speak in the singular, prohibiting "o communication” and "o telephone call”. (Penal Law § 240.30 [1], [2] [emphasis added].) If more was needed to defeat defendant’s argument, People v Shack (supra) provides it. There, the Court of Appeals held that subdivision (2) imposes criminal liability expressly for a single act and implicitly for repeated acts that constitute a "continuing offense”. There is no reason to suspect that subdivision (1) has a different application. Defendant’s reliance on Chasserot, therefore, is unavailing.
CONCLUSION
The accusatory instrument alleges that defendant initiated a telephone call, from which no communication ensued, and that he threatened the complainant during a subsequent telephone conversation initiated by the complainant. Defendant being charged under subdivision (1) of Penal Law § 240.30, those allegations fail to establish essential elements of that offense. The accusatory instrument is thus insufficient and is hereby dismissed.

. Compare CPL 700.15, which requires evidence of probable cause for an eavesdropping warrant, and CPL 705.10, which permits a judicial order authorizing a pen register upon a showing of reasonable suspicion.

. Annoying conduct must be repeated to constitute simple harassment under Penal Law § 240.26 (3), while a single similar act by use of the telephone is sufficient to violate Penal Law § 240.30. (People v Shack, 86 NY2d 529, 541 [1995].)