OPINION OF THE COURT
John G. Marks, J.
Defendant is charged under docket number 24054/97 with a violation of Penal Law § 240.30 (1), aggravated harassment in the second degree, in that the complaining witness (c/w) received several telephone calls asking her for sexual favors which were caused by the defendant posting signs at a train station indicating "4 Hot Easy Sex call” c/w and "Free B. . . J. . . call” c/w.
Defendant has moved for an order dismissing the information pursuant to CPL 170.30 (1) in that it is defective. Defendant’s motion is decided as follows:
Penal Law § 240.30 (1) provides in pertinent part that a person is guilty of aggravated harassment in the second degree when "with intent to harass, annoy, threaten or alarm another person, he” "[c]ommunicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise * * * in a manner likely to cause annoyance or alarm”.
The defendant argues that the information does not sufficiently allege that the defendant communicated or caused a communication to be initiated and therefore must be dismissed. The defendant further argues that the defendant’s conduct, even if true, would not satisfy the element of "caus[ing] a communication to be initiated by mechanical or electronic means or otherwise”. The defendant’s arguments are without merit.
A misdemeanor information is sufficient on its face when it (1) substantially conforms to the requirements of CPL 100.15, and (2) sets forth allegations which "provide reasonable cause to believe that the defendant committed the offense charged” (CPL 100.40 [1] [b]) and (3) nonhearsay allegations which "establish, if true, every element of the offense charged and the *939 defendant’s commission thereof.” (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987].) As stated by the Court of Appeals in Alejandro, this third requirement is also known as the prima facie case requirement. The Alejandro Court further held (at 139) that failure to comply with the "prima facie case” requirement is a jurisdictional defect.
The statute in question (Penal Law § 240.30 [1]) is derived from Penal Law of 1909 §§ 551 and 555. It is clear that the present statute is substantially broader than its two predecessors. (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.30, at 309 [1980].) Subdivision (1) of section 240.30 was amended in 1969 (L 1969, ch 290) by adding the parenthetical phrase " 'or causes a communication to be initiated by mechanical or electronic means or otherwise' ”. (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.30, at 252 [1989] [emphasis added].) That amendment was "directed mainly to a mechanical or electronic commercial device which is attachable to a telephone and may be set to make repeated — and doubtless annoying — telephone calls of recordings to prospective customers without any further effort on the part of the promoter.” (Hechtman, Practice Commentary, op. cit., Penal Law § 240.30, at 309-310.)
While the defendant asserts that the intent behind the statute holds that only if the communication is initiated by mechanical or electronic means is the necessary element satisfied, this court will not construe this statute so narrowly. The Legislature could have limited the scope of the statute solely to communications initiated by mechanical or electronic means by excluding the words "or otherwise”, but chose not to do so. Furthermore, that the amendment was mainly directed to a mechanical or electronic device does not make the definition of how a communication is caused to be initiated exclusive. (See, People v Viau, 50 NY2d 1052 [1980]; People v Smith, 89 Misc 2d 789 [App Term, 2d Dept 1977].)
Upon a review of the accusatory instrument and supporting deposition as a whole, this court concludes that, under the broad scope of the statute, the defendant’s acts fall within the conduct prohibited by the Legislature in its enactment of Penal Law § 240.30 (1). The court finds that the information is legally sufficient pursuant to CPL 100.15 and 100.40.
The defendant further argues that Penal Law § 240.30 (1) is constitutionally void for vagueness and overbroad as applied to defendant.
*940 Legislative enactments are imbued with a strong presumption of constitutionality and will not be held unconstitutional unless the party asserting such argument meets its heavy burden of proving the infirmity beyond a reasonable doubt. (People v Pagnotta, 25 NY2d 333; People v Portnoy, 140 Misc 2d 945.) It is well settled that a court of first impression should not ordinarily set aside a legislative enactment unless such a consideration is inescapable. (People v Portnoy, supra, at 947.)
Subdivision (1) of Penal Law § 240.30 was intended to deal with communications which are directed to an unwilling recipient under circumstances wherein " 'substantial privacy interests are being invaded in an essentially intolerable manner’ ”. (People v Smith, supra, at 791, quoting Cohen v California, 403 US 15, 21.) There must be an "intent to harass, annoy, threaten or alarm another person” and the communication must be made in a "manner likely to cause annoyance or alarm”. The posted signage cannot be interpreted with any other intent.
Construing subdivision (1) as such, and applying it to the case at bar, the court finds that the defendant has failed to meet the heavy burden of proving the statute unconstitutional beyond a reasonable doubt.
Accordingly, the defendant’s motion to dismiss is denied in all respects.