OPINION OF THE COURT
Suzanne M. Mondo, J.
Defendant John Price is charged with three counts of aggravated harassment in the second degree, in violation of Penal Law § 240.30 (1), and one count of harassment in the second degree, in violation of Penal Law § 240.26 (1). He now moves to dismiss the accusatory instrument for facial insufficiency.
The accusatory instrument charges that the defendant sent a letter via Federal Express to Frances Berman, his attorney,[1] which stated: “I’m going through all this shit with you, you better be careful, I won’t be responsible if you speak to me like that again.” This letter was received by Ms. Berman on June 16, 1998. On the same day, according to the information, the defendant left Ms. Berman a telephone message stating, ‘You will be fucking sorry, you’re playing with fire, you better get me my apartment free and clear with no rent for five years, that’s the only way it will be balanced, I’ [sic] be at [Ms. Berman’s address], no doors will keep me out, you better perform magic on Thursday”. The accusatory instrument further alleges that on June 18, 1998, at 10:00 a.m., at 111 Centre Street (the Civil Court building),[2] the defendant stated to Ms. Berman, “in substance,” “I’ll get you,” while “shaking his hand” at her.[3]
The defendant contends that the accusatory instrument is not facially sufficient because “the speech activity in which the *780 prosecution alleges Mr. Price partook is constitutionally protected speech." The defendant argues that he may not be prosecuted for using foul language, or for outbursts, which he claims his statements were, rather than genuine threats of physical harm. The defendant cites three cases in which, according to his interpretation, the statements were insufficient to constitute threats: People v Dietze (75 NY2d 47 [1989]); People v Todaro (26 NY2d 325 [1970]); and People v Amalfi (141 Misc 2d 940 [Rochester City Ct 1988]). Because the defendant's statements "do not even broach the severity of the words uttered in the above cases", his speech must be constitutionally protected, the defendant contends.[4]
The requirements for aggravated harassment and harassment differ, thus they will be discussed in turn.
AGGRAVATED HARASSMENT
Penal Law § 240.30 (1) provides that “A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she * * * [c] ommunicates, or causes a communication to be initiated by mechanical or electronic means or * * * any other form of written communication, in a manner likely to cause annoyance or alarm”.
In People v Dietze (75 NY2d 47 [1989], supra), the defendant had been convicted of harassment under Penal Law former § 240.25 (2) for calling the complainant a "bitch" and her son a "dog'" (at 50), knowing that they were mentally retarded.[6] The Court of Appeals held that Penal Law former § 240.25 (2), which prohibited "abusive or obscene language" or "obscene gesture[s]" in a "public place", was unconstitutionally over-broad.[7] The Court reasoned that speech may be "abusive'even vulgar, derisive, and provocative-and yet it is still protected" (supra, at 51). Only speech that "presents a clear and present danger of some serious substantive evil" may be prohibited. (Supra, at 51.)
*781 Although the first two statements the defendant made in this case may be similar in content to those made in Dietze (supra), Dietze is distinguishable because here the defendant’s statements were not made in a public place; instead, he used Federal Express mail and the telephone. In People v Miguez (147 Misc 2d 482 [Crim Ct, NY County 1990], affd 153 Misc 2d 442 [App Term, 1st Dept 1992]), the defendant, a former girlfriend of the complainant who made a series of offensive telephone calls to the complainant, made the same argument based on Dietze. In rejecting the defendant’s arguments and finding the accusatory instrument, charging violations of Penal Law § 240.30 (1), to be facially sufficient, the court reasoned: “Whereas public speech that is ‘ “abusive” — even vulgar, derisive, and provocative’ may be protected * * * the possession of a telephone does not ‘constitute an open invitation to uninvited abuse.’ * * * Such ‘trespass by telephone’ constitutes a violation of privacy * * * Therefore, although the statement allegedly made by defendant Miguez that Tour girlfriend is a mean, ugly, selfish bitch’ may be similar in content to the statement made in Dietze, the statements are not analogous because of the difference in the circumstances under which they were made.” (147 Misc 2d, at 484.) Similarly, in the instant case, the defendant’s alleged telephone message and mail constitute invasions of complainant’s privacy interest.
The defendant’s reliance on People v Amalfi (141 Misc 2d 940 [Rochester City Ct 1988], supra) is also misplaced. In Amalfi the information was deemed facially insufficient where the defendant, the girlfriend of the complainant’s ex-husband, made threats “ ‘to get a gun and kill’ ” (at 941) the complainant in a telephone conversation initiated by the complainant.[8] However, the decision did not address whether the threats involved were sufficient. The court held that “aggravated harassment must involve initiation of a communication by the defendant” because the purpose of the aggravated harassment statute was to “protect privacy interests.” (Supra, at 942-943; but see, People v McDermott, 160 Misc 2d 769 [Nassau Dist Ct 1994] [“this court concludes a person need not initiate a telephone call in order to violate subdivision (1) of Penal Law § 240.30”].)
Accordingly, because the content of the two alleged communications evinces an intention to harass, annoy, threaten or alarm the complainant, two counts of aggravated harassment *782 in the second degree are facially sufficient. However, because only two communications using the telephone or mail are alleged, the third count, for which there are no factual allegations, must be dismissed.
HARASSMENT
Penal Law § 240.26 (1) states that, “A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person * * * [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same”. In People v Todaro (26 NY2d 325 [1970], supra), cited by the defense, the defendant had been convicted of harassment under Penal Law former § 240.25 (1), the predecessor of Penal Law § 240.26 (l).[9] After having been arrested for disorderly conduct, while seated in the patrol car, the defendant told the arresting officer, “ ‘I’ll get you for this’ ” (at 327). In reversing the conviction, the Court of Appeals held that the defendant’s “single, equivocal statement” did not “suffice to establish beyond a reasonable doubt” that, with an intent to harass, annoy or alarm the officer, the defendant attempted or threatened to strike, shove, kick or subject the officer to physical contact. (Supra, at 330.) The Court reasoned that “[s]omething more must be established than that a teenager, angered or annoyed at being arrested upon what he considered to be insufficient grounds, expressed his anger or annoyance in terms of apparent bravado, particularly in the absence of proof of any further words or acts tending to confirm the criminal nature of the act charged.” (Supra, at 330.)
In Dietze (75 NY2d 47 [1989], supra), discussed above, in addition to her conviction for Penal Law former § 240.25 (2), the defendant also was convicted of violating Penal Law former § 240.25 (1) for having stated to the complainant that she “would ‘beat the crap out of [the complainant] some day or night on the street’ ”. The Court reversed the conviction because nothing in the record demonstrated that the defendant’s threat “was either serious, should reasonably have been taken to be serious, or was confirmed by other words or acts showing that it was anything more than a crude outburst.” (Supra, at 53-54.) The Court added, “While genuine threats of physical harm fall within the scope of the statute, such an outburst, without more, does not”. (Supra, at 54.)
*783 The threat made by the defendant here does appear similar to those made in the above cases. Indeed, it appears to be identical to the threat in Todaro (supra). However, the standard for an accusatory instrument is a lesser one than at trial, where the People must prove their case beyond a reasonable doubt. In People v Prisinzano (170 Misc 2d 525 [Crim Ct, NY County 1996]), the court denied a motion to dismiss the accusatory instrument where the defendant was charged with violating Penal Law § 240.26 (1). In analyzing Dietze (supra) and Todaro, the court explained that Dietze’s threat was “only determined to be a crude outburst after a full contextual analysis at trial * * * Dietze, like Todaro * * * demonstrates that resolution of whether words which are sufficient for pleading purposes are ultimately punishable speech is determined by a full contextual analysis by the fact finder at trial.” (Supra, at 538-539.)
The instant accusatory instrument states that the defendant “was not permitted to leave” the court “at the same time” as the complainant. This statement may shed no light on the defendant’s actions, indicating only that the court officers took reasonable precautions. Or perhaps, at trial, additional facts may be brought to light explaining why such precautions were taken. These are issues to be determined by the finder(s) of fact.
Accordingly, the defendant’s motion to dismiss the fourth count of the information, charging a violation of Penal Law § 240.26 (1), is denied.

. Although not explicitly stated, it appears Ms. Berman represented the defendant in Housing Court.

. June 18, 1998 was a Thursday, apparently the Thursday the defendant had referred to in his telephone message. This incident appears to have occurred after a Housing Court appearance.

. The accusatory instrument adds that “the defendant was not permitted to leave [111 Centre Street] at the same time” as Ms. Berman.

. The People do not address any of the defendant’s arguments in their “affirmation in response to the defendant’s omnibus motion.” They merely state that the information does meet the requirements for facial sufficiency.

. The defendant made an additional statement, that she “would ‘beat the crap out of [the complainant] some day or night on the street’ ” (supra, at 50). For that statement she had been convicted of violating Penal Law former § 240.25 (1). See discussion below.

. Penal Law former § 240.25 (2) read, “A person is guilty of harassment when, with intent to harass, annoy or alarm another person * * * [i]n a public place, he uses abusive or obscene language, or makes an obscene gesture”.

. The defendant also stated, according to the information, that she “ ‘didn’t have to bother coming up there [to Rochester]’; she would ‘just make a phone call and have it done’; that she ‘had connections’ ” (supra, at 941).

. The two statutes are identical, except that section 240.26 contains gender neutral language.