OPINION OF THE COURT
Robert M. Stolz, J.
Defendant is charged with aggravated harassment in the second degree (Penal Law § 240.30 [1]), harassment in the first degree (Penal Law § 240.25), and menacing in the third degree (Penal Law § 120.15). Defendant now moves to dismiss the accusatory instrument for facial insufficiency.
The accusatory instrument states the following:
“Deponent [Charlene Grant] states that on July 29, 1999, deponent was exiting the train station at 125th Street & Lexington Avenue * * * and that she saw the defendant. Deponent states that the defendant insisted on speaking with deponent and that deponent told defendant she had an appointment and walked back into the train station. Deponent states that as she was walking down the stairs to the train station, in a threatening tone of voice, the defendant stated in substance: ‘Remember what I told you about hurting my feelings. You better not hurt my feelings.’
“Deponent states that on August 1, 1999, deponent was advised that the defendant had been looking for deponent at her residence on Ward’s Island * * *
“Deponent states that on August 2, 1999, at approximately 7:30 a.m., the defendant came to deponent’s residence on Ward’s Island * * * and insisted that deponent speak with him. Deponent states that she told defendant she had nothing to say to him and the defendant threatened in substance: Tf I come back here I’m not coming alone. If you come out watch your back.’
“Deponent further states that on one occasion between August 4th and August 6th, 1999, during a telephone conversation with defendant in which deponent told defendant that she did not want to speak with him anymore, the defendant threatened in substance Tf you don’t come see me you’d better watch your back.’
“Deponent states that on August 11th, 1999, at approximately 9:30 p.m., deponent was waiting for the bus at 125th Street and Lexington * * * and that the defendant approached deponent and insisted on speaking with her. Deponent states that defendant had his hands in his pockets, walked toward deponent in a threatening manner and stated in substance: T *376 need to talk to you Charlene.’ Deponent states that defendant was prevented from coming too close to deponent because a friend of deponent’s stood in front of [deponent] and blocked defendant’s way. Deponent states that she ran onto the bus to get away from defendant and that the defendant began banging on the bus window and stated in substance You’ve got to come outside. You’re going to see me.’
“Deponent states that all of the defendant’s above described actions have placed her in fear of physical injury.”
For a misdemeanor information to be facially sufficient, it must conform to the requirements of CPL 100.40 and 100.15. The factual part of the information must allege facts of an evidentiary character supporting or tending to support the charges. (CPL 100.15 [3].) These allegations, together with those of any supporting depositions, must provide reasonable cause to believe that the defendant committed the offense charged. (CPL 100.40 [1] [b].) Further, nonhearsay allegations of the factual part of the information, or of any supporting depositions, must establish, if true, every element of the offense charged. (CPL 100.40 [1] [c]; see, People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].)
AGGRAVATED HARASSMENT, SECOND DEGREE
The defendant argues that the charge of aggravated harassment in the second degree must be dismissed because the accusatory instrument fails to allege that the defendant initiated the telephone conversation referred to in the accusatory instrument. The People concede that the telephone call was placed by the complainant and that the defendant did nothing to cause the complainant to initiate the call. They contend, however, that even where the complainant places the telephone call in question, a defendant nonetheless may be convicted of aggravated harassment in the second degree, pursuant to Penal Law § 240.30 (1). More particularly, the People argue that the defendant’s threat to the complainant in the telephone conversation that occurred some time between August 4th and 6th was a communication proscribed by Penal Law § 240.30 (1) merely because it occurred on the telephone. For the reasons set forth below, the court declines to adopt so broad an interpretation and finds the first count to be facially insufficient.
Penal Law § 240.30 (1) provides that
“[a] person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she * * *
*377 “[c]ommunicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm.”
The Commission Staff Notes of the Commission on Revision of the Penal Law explain that Penal Law § 240.30 (1) is derived from former Penal Law §§ 551 and 555. (Commn Staff Notes, reprinted in Proposed NY Penal Law [Study Bill, 1964 Senate Int 3918, Assembly Int 5376] § 250.10 [8], at 390.) Section 555, entitled “Malicious telephone calls,” provided that “A person who maliciously uses any telephone instrument to make a call for the purpose of threatening to commit a crime against the person called or any member of his family or any other person or for the purpose of using obscene language to a person of the female sex or to a male child under the age of sixteen years is guilty of a misdemeanor.”[1] Thus, under the former statute, the defendant was required to initiate the telephone call in order to violate the statute.
The Staff Notes also explain that “[t]he proposed offense, however, is substantially broader than the collective existing pair.” (Commn Staff Notes, op. cit., at 390.) However, only three decisions have addressed the issue of whether the statute was broadened enough to encompass the situation where it is the complainant who has placed the telephone call.
In People v Amalfi (141 Misc 2d 940, 941 [Rochester City Ct 1988]), when the complainant called her former husband’s residence, she reached the defendant, the girlfriend of the ex-husband, who answered the telephone and threatened the complainant. The court found the information to be facially insufficient because the complainant initiated the communication, holding that “aggravated harassment must involve initiation of a communication by a defendant.” (Supra, at 943.)
The Amalfi court reasoned that, because the “present aggravated harassment statute transforms communications which might otherwise be considered simple harassments to misdemeanors [,] [t]he more serious charge of aggravated harassment, with its increased penalties, was intended to protect privacy interests.” (People v Amalfi, supra, at 942.) However, there is no invasion of the complainant’s privacy where it is the complainant who makes the call. (Supra, at 943.) Despite the broadening of the statute, Amalfi reasoned, *378 “This court cannot perceive that there was a legislative intent to prevent an angry response to an annoying telephone call by the imposition of a criminal charge against the recipient of the telephone call.” (Supra, at 942.)
Similarly, in People v Rusciano (171 Misc 2d 908 [Town of Eastchester Just Ct, Westchester County 1997]), the information was deemed to be facially insufficient. There, after hearing the telephone ring once, the complainant utilized the *69 feature on her phone to return the call. The defendant, the complainant’s former boyfriend, answered and, during the course of the ensuing conversation, threatened that “ ‘ “I can always find you and get my hands on you.” ’ ” (Supra, at 909.) The court held that “the communication must be initiated by the defendant to come within the ambit” of Penal Law § 240.30 (1). (Supra, at 914.) The court reasoned: “The gravamen of the crime of aggravated harassment is the use of the telephone, but for which the accompanying offending conduct would constitute, other elements being present, simple harassment * * * Since there is nothing inherently more evil in threatening or annoying someone over a telephone line than doing so face-to-face, the more severe criminal sanctions of Penal Law § 240.30 are clearly directed at the affirmative, not passive, use of the instrument by the offender. It is the additional harm inflicted by the intrusive quality of the act of telephoning that ‘aggravates’ the harassment, and where the offensive remarks are uttered by the recipient of the call that additional harm is simply not present.” (Supra, at 913 [footnote omitted; emphasis in original].)
People v McDermott (160 Misc 2d 769 [Dist Ct, Nassau County 1994]), cited by the People, contrasts with the above two decisions. In McDermott, the information alleged that the defendant placed a help wanted ad in Newsday. When the complainant responded to the advertisement, the defendant asked lewd, sexually explicit questions. (Supra, at 771.) There, also, the defendant cited Amalfi (supra) to argue that the information was insufficient because he had not initiated the telephone call. (People v McDermott, supra.) The court concluded that “a person need not initiate a telephone call in order to violate subdivision (1) of Penal Law § 240.30.” (Supra, at 772.)[2]
This court declines to follow the broad holding of McDermott (supra), which would appear to sweep any abusive telephone *379 conversation within the scope of Penal Law § 240.30 (1), regardless of how that conversation came about. This is not to say that Penal Law § 240.30 (1) never can be violated where the complainant places the phone call in issue. To the contrary, where a defendant intentionally precipitates telephone contact from the complainant in order to use the instrumentality of the phone for the purpose of communicating threats or abuse (a circumstance not alleged here), the statute may well be violated. Indeed, even on the facts of McDermott, this court might well have sustained the charge of aggravated harassment on the theory that the defendant in that case caused the harassing communication to be made by directly soliciting the call from the complainant, a rationale not explored by the court in McDermott. In this regard, People v Diraimondo (174 Misc 2d 937 [Dist Ct, Nassau County 1997]) is instructive.
In Diraimondo (supra, at 938), the complainant received several telephone calls asking for sexual favors after the defendant posted signs at a train station stating that “4 Hot Easy Sex” or for other specified sexual acts to call the complainant’s phone number. The Diraimondo court rejected the defendant’s argument that the information was facially insufficient because it did not sufficiently allege that the defendant communicated or caused a communication to be initiated. Focusing on the clause “or causes a communication to be initiated by mechanical or electronic means or otherwise,”[3] the court concluded that the allegations in the information were sufficient to establish that the defendant’s acts caused the obscene telephone communications. (Supra, at 939.)
In the instant matter, however, because the defendant is alleged neither to have placed the telephone call in question nor to have caused the call to be made, his conduct cannot be said *380 to fall within the proscription of section 240.30 (1). Accordingly, the charge of aggravated harassment is dismissed.
HARASSMENT, FIRST DEGREE
The defendant argues that the charge of harassment in the first degree (Penal Law § 240.25) must be dismissed because the statements attributed to him “cannot be construed to place the complainant in reasonable fear of physical injury.” He contends that the statements were made to express his feelings or his desire to speak with the complainant. The People counter that “[tjhese statements, however, are not the only facts in the complaint which go to the charge of Harassment in the.first degree. Rather, the defendant is charged with a course of conduct including more than the defendant’s statements.”
Penal Law § 240.25 was enacted in 1992 as part of a series of criminal statutes intended to deal with the “heightened level of consciousness as to the sinister effects of one person’s stalking another.” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.25, at 376.) Penal Law § 240.25 provides, in pertinent part, that “A person is guilty of harassment in the first degree when he or she intentionally and repeatedly harasses another person by following such person in or about a public place or places or by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury.” In contrast to menacing in the second degree, Penal Law § 120.14, also a stalking crime, which requires that a defendant intentionally place or attempt to place another person in reasonable fear of physical injury, harassment in the first degree requires only an intent to repeatedly harass another person which results in that person being placed in reasonable fear of physical injury. (Donnino, Practice Commentaries, op. cit.)
The People correctly state that harassment in the first degree is not restricted to statements. “[T]he term ‘course of conduct’ may reasonably be interpreted to mean a pattern of conduct composed of a series of acts over a period of time * * * evidencing a continuity of purpose.” (People v Payton, 161 Misc 2d 170, 174 [Crim Ct, Kings County 1994].) The court agrees with the People that the threatening tone of the defendant’s voice, coupled with the implied threats in defendant’s statements, his insistence on seeing the complainant when she clearly did not want to see him, his approaching the complainant in public places, taken together with the frequency of the *381 defendant’s actions, make out a course of conduct sufficient to establish a facially sufficient charge of harassment in the first degree, pursuant to Penal Law § 240.25. (See, People v Murray, 167 Misc 2d 857, 861 [Crim Ct, NY County 1995].) The fact that the defendant’s overtures were unwanted and placed the complainant in fear can be inferred from the complainant’s retreating back into the subway station when she saw the defendant by the entrance; by the complainant’s telling the defendant that “she had nothing to say to him,” when the defendant appeared early in the morning at her home; by the complainant’s statement to the defendant on the telephone, telling him “that she did not want to speak to the defendant anymore;” and by the fact that a friend of the complainant blocked the defendant from approaching the complainant, while the complainant escaped onto a bus to avoid the defendant.
Accordingly, the defendant’s motion to dismiss the charge of harassment in the first degree must be denied.
MENACING, THIRD DEGREE
The defendant argues that he cannot be charged with menacing in the third degree because the statute requires “physical menace,” whereas “the complaint does not denote any physical actions by Mr. Monroe that would show an intent to inflict physical harm.” The People respond to the defendant’s motion to dismiss the menacing count by moving to dismiss.
Accordingly, the joint motion to dismiss the charge of menacing in the third degree is granted.
The People indicate that they do not intend to introduce any evidence of statements made by the defendant or identification testimony. Accordingly, such evidence is precluded.

. Former section 551 prohibited “[s] ending threatening letters.”

. This conclusion appears to be dictum because the information was dismissed on other grounds. (The supporting depositions were insufficient to *379 establish the identity of the defendant.) (People v McDermott, supra, at 772-773.)

. Penal Law § 240.30 (1) originally addressed only a person who “[Communicates with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication.” An amendment in 1969 added the parenthetical phrase “or causes a communication to be initiated by mechanical or electronic means or otherwise” after the word communicates. (People v Viau, 50 NY2d 1052, 1053 [1980].) That amendment was mainly directed at those defendants who used a machine to initiate or repeatedly make telephone calls. (Supra; People v Diraimondo, 174 Misc 2d, supra, at 939.)
Defendant Diraimondo had argued that the phrase was intended to cover only communication initiated by mechanical or electronic means, but the court, relying upon the words “or otherwise,” rejected that argument. (People v Diraimondo, supra.)