OPINION OF THE COURT
Felicia A. Mennin, J.
On January 27, 2011, the court orally granted defendant Alan Bounville’s motion for an order dismissing the accusatory instrument. The court, at the recent request of defense counsel, is now issuing a written decision memorializing the basis for that ruling which was previously set forth orally on the record.
■ The issue under consideration in this case is whether an accusatory instrument charging the defendant with sleeping inside a sleeping bag on top of a number of blankets and cardboard boxes on a public sidewalk in violation of Administrative Code of the City of New York § 16-122 (b) is facially sufficient pursuant to CPL 170.30 (1) (a), 100.15 (3) and 100.40 (1) (c) and, if so, whether the statute as applied to him is unconstitutional pursuant to CPL 170.30 (1) (f).
Facial Sufficiency
The self-authenticating complaint presents in pertinent part the following factual allegations:
“Deponent [Police Officer Michael Pennacchio] states that [on October 15, 2010 at about 22:15 hours opposite 6 West 26th Street, New York County] he observed the defendant lying outstretched inside a sleeping bag on top of multiple cardboard boxes and under multiple blankets on the sidewalk at the above location. Deponent further states that said sidewalk is a public place.”
It is axiomatic that facial sufficiency is a nonwaivable, jurisdictional prerequisite to a valid prosecution. (People v Alejandro, 70 NY2d 133 [1987].) In order to be facially sufficient, an information, together with any supporting depositions, must meet with three requirements: (1) allege facts of an evidentiary character supporting or tending to support the charges, pursuant to CPL 100.15 (3); (2) provide reasonable cause to believe that the defendant committed the offenses charged in the information; and (3) include nonhearsay factual allegations, which, if true, establish every element of the offense charged. (See CPL 100.40 [1] [a]-[c].) This third requirement is what is referred to as a “prima facie” case. (People v McDermott, 160 Misc 2d 769 [Nassau Dist Ct 1994].) A prima facie case, also referred to as *196 “legally sufficient evidence,” means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof. (See CPL 70.10 [1].)
The defendant is charged under Administrative Code § 16-122 (b), which provides:
“It shall be unlawful for any person, such person’s agent or employee to leave, or to suffer or permit to be left, any box, barrel, bale of merchandise or other movable property whether or not owned by such person, upon any marginal or public street or any public place, or to erect or cause to be erected thereon any shed, building or other obstruction.”
The defendant contends that the conduct that he is alleged to have engaged in does not fall within the theories provided for guilt under this statute. The court agrees.
The statute is violated when either of two events occurs: The defendant or his agent (1) leaves various types of movable property on a street or public place, or (2) erects “a shed, building or other obstruction.” (Betancourt v Giuliani, 2000 WL 1877071, 2000 US Dist LEXIS 18516 [SD NY, Dec. 26, 2000]; accord Betancourt v Bloomberg, 448 F3d 547, 553 [2d Cir 2006].)
The accusatory instrument is devoid of any facts which give reasonable cause to believe that the defendant left any property on the sidewalk. Neither Administrative Code § 16-122 nor any other provision of the Administrative Code defines the word “leave.” The Merriam-Webster on-line dictionary defines this word as follows: “3 a : to go away from . . . leave the room . . . 4 : to put, deposit, or deliver before or in the process of departing I left a package for you” (available at http ://www.MerriamWebster.com/dictionary [2011]). The court in Betancourt v Bloomberg specifically rejected the applicability of that theory of liability to the case before it. In Betancourt, a man was alleged to have been sleeping inside of a tube constructed of cardboard boxes on a public street. (448 F3d at 553, 555.) “He [Betancourt] did not ‘leave’ his box behind; he remained inside it,” is how the majority characterized the conduct in question. (Id. at 553.)*
The second possible theory for conviction under this statute is also not borne out by the factual allegations set forth in the *197 accusatory instrument. The makeshift mattress of cardboard boxes upon which the defendant was allegedly sleeping cannot reasonably be called a “shed” or “building.” In that respect, the described assemblage is distinguishable from the tube structure which convinced the majority in Betancourt v Bloomberg that the defendant had erected the equivalent of a shed, i.e., a slightly built shelter. (Id.) Using flattened carboard boxes as a pad for blankets and a sleeping bag that left the defendant exposed to the elements can hardly be characterized as a “shed.”
However, the makeshift bed on which the defendant Bounville was sleeping could be seen as an “obstruction,” but only if, under the circumstances, it obstructed or was likely to obstruct someone’s passage or use of the sidewalk. Again, the statute is silent as to the meaning of “obstruction.” The dictionary definition of the word is “2 : something that obstructs . . . They are removing trees and other obstructions from the path” (available at http//www.Merriam-Webster.com/dictionary [2011]) or “something that obstructs or impedes” (Webster’s Third International Dictionary 1559 [1976], as quoted in Betancourt v Bloomberg at 553). In Betancourt v Bloomberg, the court arguably had reason to hold that the defendant had erected an obstruction; he had placed the tube of boxes on a park bench, which obstructed, if not prevented, anyone else from sitting on the bench. In this case, there are no factual allegations which support a contention that the defendant’s makeshift bed, located in a commercial district of the city, at 10:15 in the evening, blocked anyone from passing along the sidewalk or using that few square feet of sidewalk for any other lawful purpose.
Accordingly, the defendant’s motion for an order dismissing the accusatory instrument as facially insufficient is hereby granted.
Because the court’s decision on the issue of facial sufficiency is dispositive of the case, the court has not addressed the defendant’s claim that the statute as applied to him is constitutionally infirm, the other motions of the defendant, and that of the People.

 Despite the People’s contention to the contrary, the accusatory instrument is similarly lacking any facts from which it could be reasonably inferred that the defendant “suffer[ed] . . . to be left” any “property” at the location. As noted by the People, “to suffer” simply means “to tolerate or allow.” The *197 accusatory instrument is devoid of any facts demonstrating that the defendant allowed anyone else to place the makeshift bed on the sidewalk.