*565 OPINION OF THE COURT
Esther M. Morgenstern, J.
Can a defendant insulate himself from prosecution on First Amendment grounds by televising the criminal acts of decapitating three live, conscious iguanas in violation of the State’s anti-cruelty statute?[1]
Defendant was arrested on October 2, 1996 and charged with three counts of overdriving, torturing and injuring animals pursuant to section 353 of the Agriculture and Markets Law. These charges stem from a videotaped incident wherein defendant is alleged to have cut off the heads of three live, conscious iguanas without justification. Defendant was arraigned in criminal court on November 19, 1996. A superseding complaint was filed on November 22, 1996.
Defendant moves to dismiss the accusatory instrument pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) upon the ground that it is facially insufficient in that it fails to adequately allege every element of the offense charged pursuant to CPL 100.15 and 100.40. Defendant also maintains that dismissal is required because the statute is being unconstitutionally applied.
The complaint in this case alleges, in pertinent part, that on or about and between February 6, 1996 and August 2, 1996 at 85 Havemeyer Street, apartment 1L, in Brooklyn, the defendant allegedly cut off the heads of three live, conscious iguanas without justification. The complaint alleges further that Assistant District Attorney Todd Davis (hereinafter deponent) is in possession of and has viewed a videotape showing the defendant committing the acts alleged. Additionally, the complaint alleges that deponent was informed:
"by Michael Pescatore that informant is the owner of the building at the above location, that he has viewed the videotape mentioned above, that the room pictured in said videotape is inside the above location, and that informant leased the apartment that includes said room at the above location to Eric Voelker from February 6, 1996 to the present; [and]
"by Frank Fitzgerald that informant recorded said videotape on August 9, 1996, from a television broadcast by Manhattan Neighborhood Network of the show entitled 'Sick and Wrong,’ *566 and that informant saw the same incident broadcast on an earlier edition of the show, 'Sick and Wrong,’ aired on August 2, 1996.”
Defendant maintains that an essential element of Agriculture and Markets Law § 353 is an "unjustifiable act” toward an animal, and that the allegation that defendant cut off the heads of three live iguanas, "without justification,” is conclusory and insufficient. Defendant contends that killing the animals in this case was justified and necessary and that any pain or suffering was temporary, unavoidable and without criminal intent.
The People maintain that the term "without justification” means just what it says, that defendant cut off the heads of three animals without apparent justification. Thus, the allegations in the accusatory instrument provide reasonable cause to believe that the defendant committed the offense charged and establish, if true, every element of the offense charged.
The People maintain further that defendant’s alleged "justification defense” does not support the motion to dismiss and that the issue of justification is a question of fact to be determined at trial. Additionally, the People argue that defendant’s acts were unjustified in that defendant violated the State’s anti-cruelty statute by cutting off the heads of three conscious iguanas and that the mere fact that defendant thereafter allegedly cooked and consumed these animals does not justify defendant’s actions.
DISCUSSION

The Facial Sufficiency Issue

A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v Case, 42 NY2d 98 [1977].) In order for an accusatory instrument to be sufficient on its face it must allege "facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]); it must provide "reasonable cause to believe that the defendant committed the offense charged” (CPL 100.40 [1] [b]); and must contain nonhearsay allegations which establish, "if true, every element of the offense charged and defendant’s commission thereof’ (CPL 100.40 [1] [c]; see also, People v Dumas, 68 NY2d 729 [1986]; People v Alejandro, 70 NY2d 133 [1987]).
The Alejandro Court held that an information which "fails to contain nonhearsay allegations establishing 'if true, every *567 element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]) is fatally defective” (70 NY2d, supra, at 136). The Court noted that this stringent "prima facie” requirement is a jurisdictional prerequisite to prosecution and is necessary because an information is an instrument of ultimate prosecution and does not afford a defendant the same procedural safeguards associated with a Grand Jury proceeding where legally sufficient evidence must be produced before a defendant is charged. (Supra, at 137-138.)
This court must examine the complaint for a determination as to whether it contains facts of an evidentiary character which provide reasonable cause to believe that the defendant committed the crimes charged and establish, if true, every element of the crime charged and defendant’s commission thereof. The court must examine the allegations in the factual portion of the complaint "together with those of any supporting depositions which may accompany it.” (CPL 100.40 [1] [b]; see also, People v Alejandro, supra, at 136-137.)
In this case, the information consists of the complaint, taken together with the supporting depositions of Frank Fitzgerald and Michael Pescatore. Those depositions merely attest to the fact that each informant has read the accusatory instrument filed and that the facts stated in the complaint are true based upon personal knowledge. Thus, this court is limited to reviewing the factual allegations as stated in the complaint.
Agriculture and Markets Law § 353 provides that: "A person who overdrives, overloads, tortures or cruelly beats or unjustifiably injures, maims, mutilates or kills any animal, whether wild or tame, and whether belonging to himself or to another * * * or causes, procures or permits any animal to be over-driven, overloaded, tortured, cruelly beaten, or unjustifiably injured, maimed, mutilated or killed * * * or in any way furthers any act of cruelty to any animal, or any act tending to produce such cruelty, is guilty of a misdemeanor”.
An "Animal” is defined as "every living creature except a human being” (Agriculture and Markets Law § 350 [1]), and "Torture” is defined as "every act, omission, or neglect, whereby unjustifiable physical pain, suffering or death is caused or permitted” (Agriculture and Markets Law § 350 [2]).
In People ex rel. Freel v Downs (136 NYS 440 [1911]) defendant, captain of a ship, was convicted of causing, procuring and permitting turtles to be transported in a manner that caused unnecessary and unjustifiable pain and suffering. The turtles had their fins pierced and were tied together through *568 the holes with a string. The court explained that "[t]he question as to whether the pain caused to such creatures, often classed as dull nervous organisms, is 'justifiable’ or not, cannot be easily answered.” (Supra, at 445.) Moreover, the court held that the question of what constitutes cruelty is an issue of fact to be decided upon all the evidence in a prosecution for cruelty to animals. (Supra, at 446.)
Defendant cites the Downs decision (supra) for the proposition that where the acts against the animal are "temporary, unavoidable, and without criminal intent * * * than [sic] it is not torture as that term is here employed.” (Defendant’s affirmation ¶ 5, citing People ex rel. Freel v Downs, supra, at 444.) Defendant’s reliance on Downs is misplaced in that he misquotes the Downs decision. In Downs (supra, at 444), the court held that: "[t]he torture that would justify a criminal prosecution must be some mode of inflicting bodily pain that is unjustifiable and unnecessary; but if the pain and suffering is temporary, unavoidable without criminal intent, and necessary to preserve the safety of the property involved and to overcome any danger or injury to such property, then it is not torture as that term is employed in legal parlance.” (Emphasis added.) Thus, it is clear that the justification for killing or torturing the animals must be of the type necessary to preserve the safety of property or to overcome danger or injury (People ex rel. Freel v Downs, supra; see also, People v Bunt, 118 Misc 2d 904 [1983]), or the type of legal justification specifically authorized by statute. (See, Penal Law § 35.05.) Moreover, whether an act of cruelty and infliction of pain was justified or unjustified is a question to be determined by the trier of facts based upon the moral standards of the community. (People v Bunt, supra.)
In this case, to establish a prima facie case of overdriving, torturing and injuring animals, the information must contain nonhearsay factual allegations which establish that defendant did torture or unjustifiably injure, maim, mutilate or kill three live iguanas.
This court holds that the acts of cutting off the heads of three conscious iguanas are acts which certainly injure, maim, mutilate and kill. This court holds further that the term "without justification” is not a legal conclusion but a factual allegation that means what it says, i.e., with no apparent justification; to demand that the People address an infinite number of justification defenses would place an undue burden on the People requiring them to supply trial quality evidence *569 in the body of an accusatory instrument. Whether or not the People can prove that defendant "unjustifiably” committed these acts is a matter best left to the trier of facts. (See, People v Bunt, supra; People ex rel. Freel v Downs, supra; see also, People v Gore, 143 Misc 2d 106 [1989] [whether the People can prove elements beyond a reasonable doubt is a question of fact for the jury to decide].)
The fact that defendant has set forth what he calls a "justification defense”[2] in his motion does not /compel a different result since defendant does not claim that his acts were necessary to preserve the safety of property or to overcome danger or injury. (People v Bunt, supra.) Moreover, in considering a motion to dismiss for facial insufficiency, the court is bound by the four corners of the accusatory instrument and may not consider extraneous allegations contained in a motion to dismiss or an answer to a motion to dismiss. (Cf., People v Alejandro, supra.)
Accordingly, defendant’s motion to dismiss for facial insufficiency is denied.

The Constitutional Issue

Defendant also moves for dismissal upon the ground that Agriculture and Markets Law § 353 is being unconstitutionally applied in that the motivation for the prosecution of defendant is that he chose to televise an act that is normally relegated to the back room of a restaurant, and that such content-based restrictions on speech are unconstitutional.
*570 There is no question that government action that stifles speech on account of its message, or that requires the utterance of a particular message favored by the government, contravenes an individual’s rights under the First Amendment. (Turner Broadcasting Sys. v Federal Communications Commn., 512 US 622 [1994].) However, it is well established that a content-neutral restriction on speech will be upheld if " 'it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.’ ” (Turner Broadcasting Sys. v Federal Communications Commn., supra, at 662, quoting United States v O’Brien, 391 US 367, 377 [1968].)
Contrary to defendant’s contention, this court holds that the animal cruelty statute at issue is not a content-based restriction on speech. Rather, it is a restriction against torturing, injuring, maiming, mutilating or killing animals. The statute is not directed at any form of communication. Furthermore, the People correctly point out that although the statute might prohibit the torturing of an animal as a form of expression, such a statute would not be unconstitutional where it serves a legitimate governmental interest (Barnes v Glen Theatre, 501 US 560, 567 [1991]), and that the United States Supreme Court has indicated that a neutral anti-cruelty statute which is limited to the Government’s legitimate interest in the prevention of cruelty to animals may be upheld despite its effect on religious observance. (Church of Lukumi Babalu Aye v Hialeah, 508 US 520, 538 [1993].)
Moreover, defendant is not being prosecuted because he televised the decapitation of the iguanas. The televising of the decapitations merely provided law enforcement officials with a way to observe defendant engage in criminal activity. A defendant cannot shelter himself from prosecution by the mere televising of a criminal act. Taking defendant’s argument to its logical conclusion, a defendant could televise any criminal act and seek to shield himself from prosecution on First Amendment grounds. Such an argument defies common sense and cannot be sustained.
The court holds that Agriculture and Markets Law § 353 is not being unconstitutionally applied in this case. Accordingly, defendant’s motion to dismiss is denied on this ground.
[Portions of opinion omitted for purposes of publication.]

. This opinion has been edited for publication in that the portion of this decision dealing with defendant’s motions for discovery and suppression of evidence has been omitted.

. The People have asked this court to rule on whether the allegations set forth in defendant’s motion papers is a defense of justification as a matter of law. (Penal Law § 35.05 [2].) Penal Law § 35.05 (2) provides, in pertinent part, that: "[wjhenever evidence relating to the defense of justification under this subdivision is offered by the defendant, the court shall rule as a matter of law whether the claimed facts and circumstances would, if established, constitute a defense.” (Emphasis added.)
This court holds that in the absence of the presentation of evidence at trial such a prospective ruling at this juncture would be premature. "Justification” is available in the "prosecution for an offense” (Penal Law § 35.00), and while defendant has failed to set forth, in his moving papers, that he was duly licensed and/or that he properly slaughtered these animals (see generally, Agriculture and Markets Law § 96-d; 1 NYCRR part 245; 7 USC § 1902) and/or that he followed the applicable city, State or Federal laws with respect to preparing these animals for consumption in his own home, defendant is entitled to present evidence at trial that might establish that his conduct was nevertheless "authorized by law” within the meaning of Penal Law § 35.05 (1). Such a ruling should be reserved to the trial court in the event that facts supporting such a defense are sufficiently interposed. (Cf., People v McManus, 67 NY2d 541, 547 [1986].)