*893 OPINION OF THE COURT
David W. Fryer, J.
The defendant, through his counsel, Gerald A. Thompson, Esq., made separate motions seeking to compel a bill of particulars and further seeking to dismiss the pending matters in furtherance of justice pursuant to CPL 170.40. The People, via Rensselaer County Assistant District Attorney, Holly Trexler, responded by affirmation sent by facsimile on September 14, 1998.
With respect to the defendant’s demand for a bill of particulars, CPL 240.20 (1) provides in part: “Except to the extent protected by court order, upon a demand to produce by a defendant against whom an indictment, superior court information, prosecutor’s information, information, or simplified information charging a misdemeanor is pending, the prosecutor shall disclose to the defendant and make available for inspection, photographing, copying or testing, the following property”. It is the defendant’s contention that this provision requires the People to provide certain documents, including a bill of particulars, upon proper demand, on any offense in which the charging instrument is an information, including violations. The People, to the contrary, argue that CPL 240.20 limits discovery to those offenses involving misdemeanor or more serious offenses, not violations as with the pending matter.
In addition to CPL 240.20, each side cites to CPL 100.45 (4) which states: “The provisions of section 200.95, governing bills of particulars with respect to indictments, applies to informations, to misdemeanor complaints and to prosecutor’s informations.” The People allege that the reference to “misdemeanor” in this provision applies to both the complaint and information as set out therein. The defendant takes the position that the reference to “misdemeanor”, as set out in the above statute, applies only to misdemeanor complaints and has no bearing on the information as so stated. While both sides concur that persons charged by a simplified information involving traffic violations are excluded from any right to receive a bill of particulars, the question as to violations charged by written information remains in dispute.
Neither the defendant nor the People were able to produce any case law in support of their position. Upon reading CPL 240.20 (1), the relevant portions refer to “superior court information, prosecutor’s information, information, or simplified information charging a misdemeanor” (emphasis added). It ap *894 pears to be the drafter’s intentions to separate all of the types of charging instruments into categories. Given the distinction between “information” and a “simplified information charging a misdemeanor”, I find no connection between the two phrases and therefore no requirement that an “information”, as set forth, refers only to misdemeanor informations. Given the fact that both an information and a prosecutor’s information can charge a violation and are not limited to misdemeanors only, the purpose of the statute (CPL 240.20) would be to include all informations which are not in simplified form, including those charging a violation, as there is no affirmative language to the contrary. By separating out “simplified information [s] charging a misdemeanor” (CPL 240.20 [1]) it is the opinion of this court that the intention of the drafters was to preclude traffic violations as the same offenses are in general less serious, the complainant is an officer of the law and the accused retains the right of discovery by way of a supporting deposition. No such right exists when a violation is not a traffic-related offense.
In this case, the matter is a non-traffic-related violation, charged by an information by a complainant other than a police officer. There are no allegations by the People that the demand for a bill of particulars is untimely or irrelevant. Since there is no authority which specifically prohibits the demand, the motion is granted. The People are ordered to comply.
With regard to the defendant’s motion to dismiss in furtherance of justice, the defendant argues that because a similar matter is pending in Rensselaer County Family Court, the simultaneous prosecution and possible sanctions therefrom could result in an injustice as against the defendant. The People countered in their motion papers that there is a distinction between the two courts in terms of jurisdiction and legal responsibility. The People claim that there remains sufficient legal and factual reasons for going forward and that justice would not be served by a dismissal. The court concurs.
It is clear that separate actions may be maintained in both Family Court and Justice Court for actions involving the same set of factual circumstances. The purpose of each court is to serve separate societal interests. As both the District Attorney’s Office and alleged victim in this case have given no indication that the prosecution of this matter would or should cease and theré appears to be no reasonable issues of injustice as against the defendant, it is incumbent on this court to deny the motion to dismiss.