OPINION OF THE COURT
 

 .Memorandum.
 

 The order of the Appellate Term should be reversed, and the informations dismissed.
 

 The Village of Ossining restricts on-the-street overnight parking between the hours of 3:00 a.m. and 6:00 a.m. to vehicles displaying a tag issued by the Parking Violations Bureau, which vehicles must be parked in designated areas. Residents with overnight guests may leave a message after 5:00 p.m. on the Bureau’s telephone answering machine to avert ticketing. Callers are prompted by a recording to identify the license plate number "of the vehicle, and to describe the vehicle and the designated area in which it is parked. In addition, callers may leave complaints.
 

 This appeal centers around five messages that defendant left on the Bureau’s telephone answering machine after hours on August 22, 1998 and August 26, 1998. After mentioning license plate numbers and vehicles, defendant rained invective on two village employees, wished them and their families ill health, and complained of their job performance, as well as tickets that she had received.
 

 The People filed five informations, each of which charged defendant with a single count of violating Penal Law § 240.30 (1) on account of each of the five messages. At the time of defendant’s arrest, Penal Law § 240.30 (1) provided in relevant part that
 

 “[a] person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she: (1) Communicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm.”
 

 The jury convicted defendant of four of the five counts of harassment in the second degree. The Appellate Term affirmed
 
 *571
 
 the convictions, rejecting defendant’s arguments that Penal Law § 240.30 (1) is unconstitutionally overbroad and vague on its face and as applied. A Judge of this Court granted defendant leave to appeal.
 

 The People rely on
 
 People v Shack
 
 (86 NY2d 529 [1995]), where we upheld a conviction under subdivision (2) of Penal Law § 240.30, which, like subdivision (1), criminalizes telephone harassment. In
 
 Shack,
 
 the multiple telephone calls at issue were placed by a mentally ill defendant to the home of his cousin, a psychologist. We held that the statute was not “unconstitutional as applied * * * because it did not subject [the defendant] to criminal liability for engaging in protected speech; his liability arose from his harassing conduct, not from any expression entitled to constitutional protection”
 
 (id.
 
 at 536).
 

 Here, however, defendant’s messages were crude and offensive but made in the context of complaining about government actions, on a telephone answering machine set up for the purpose (among others) of receiving complaints from the public. We cannot agree with the People’s argument that appellant’s messages fall within any of the prescribable classes of speech or conduct.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Rosenblatt, Graffeo and Read concur in memorandum.
 

 Order reversed, etc.