OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Defendant was charged with harassment in the second degree (Penal Law § 240.26 [3]) and three counts of aggravated harassment in the second degree which were subsequently reduced to attempted aggravated harassment in the second degree. Following a nonjury trial, defendant was convicted of one count of attempted aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [1] [a]).
On appeal, defendant contends that the accusatory instrument is jurisdictionally defective because his alleged misconduct consisted of constitutionally protected speech which may not be regulated based on its content. Defendant further contends that the evidence elicited at trial was legally insufficient since there was no proof that the telephone calls were an unwanted invasion of privacy or were intended to annoy, alarm, harass or threaten.
Penal Law § 240.30 (1) (a) provides:
“A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she: . . . communicates with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm.”
*72 The accusatory instrument herein set forth that between December 4, 2003 and January 23, 2004 defendant telephoned Sandy Renz’s house numerous times and stated to her that he would take her child away from her, and ruin her financially. Defendant also called her a bitch and slut. Although some courts have questioned the constitutionality of Penal Law § 240.30, neither the Second Circuit nor the Court of Appeals has held that said statute is unconstitutional (see Vives v City of New York, 405 F3d 115, 118 [2005]; People v Shack, 86 NY2d 529 [1995]; see also People v Goldstein, 196 Misc 2d 741 [App Term, 2d & 11th Jud Dists 2003]).
In People v Goldstein (196 Misc 2d 741 [2003], supra), this court noted that Penal Law § 240.30 (1) did not prohibit speech or expression, was facially limited to proscribing conduct and “ exclude [d] from the statute’s ambit speech which is merely unpleasant to the recipient” (Goldstein, 196 Misc 2d at 746-747). As applied to defendant herein, the aggravated harassment statute is properly directed to communications made to an unwilling recipient wherein “substantial privacy interests are invaded in an essentially intolerable manner” (People v Dupont, 107 AD2d 247, 252 [1985] [internal quotation marks omitted]) and the behavior alleged falls squarely into the core proscription of the aggravated harassment statute (see Dupont, 107 AD2d at 252; see also Goldstein, 196 Misc 2d at 747). Consequently, there is no merit to defendant’s contention that Penal Law § 240.30 (1) unconstitutionally limited his free speech.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant’s guilt of attempted aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [1] [a]) beyond a reasonable doubt since it showed that defendant engaged in conduct which tended to effect the commission of the aforementioned crime in that he intended to harass, annoy, threaten or alarm Sandy Renz by communicating with her by telephone in a manner likely to cause her annoyance or alarm. Defendant’s phone calls were an unwanted invasion of complainant’s privacy. Although the parties were involved in a Family Court matter, we find that no public interest is involved since defendant’s messages were made to a private citizen on her private telephone line (cf. People v Mangano, 100 NY2d 569 [2003]). Contrary to defendant’s contention, a physical threat is not *73 an element of Penal Law § 240.30 (1). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see CPL 470.15 [5]; People v Bleakley, 69 NY2d 490 [1987]).
Pesce, P.J., Weston Patterson and Belen, JJ., concur.