*339 OPINION OF THE COURT
Michael Gerstein, J.
This case is about whether the verbal response of defendant, upon being told by the principal that his son was being suspended from school, was criminal, in addition to being rude. Defendant, a father who, upon being contacted via telephone by the principal of his son’s school and informed of his son’s suspension, allegedly told the school principal, in substance, that she had better “watch it,” and that he was going to “get” her, is charged with two counts of aggravated harassment in the second degree under Penal Law § 240.30 (1) (a) and (b), class A misdemeanors. Notwithstanding defendant’s impolite response to his son’s principal, we hold that the one-time making of vague threats of unspecified harm over the telephone is not a crime, particularly when defendant did not place the call or seek out the type of communication.
Legal and Factual Background
The relevant portion(s) of the complaint follow:
“Deponent is informed by the supporting deposition of Dakota Reyes that . . . the informant called the Defendant to inform the Defendant about his son’s suspension from school, and that the Defendant did threaten the informant by stating over the telephone, in substance, that the informant better watch it, and that the defendant was going to get the informant.
“The deponent is further informed by the informant that the above described actions caused informant to fear physical injury and to become alarmed and annoyed.”
Defendant now moves to dismiss the complaint for facial insufficiency pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a), (b), arguing that defendant’s alleged statement, in substance, that she had better watch it, and that he “was going to get” Ms. Reyes is far too vague and remote to establish a prima facie case of harassment under Penal Law § 240.30 (1). (Defendant’s mem at 1.) Defendant further moves to reserve his right to make further motions, pursuant to CPL 255.20 (3).
The People oppose defendant’s motion, arguing that the defendant’s communication constitutes “unwanted speech which threatens, alarms, harasses, or annoys an individual [which] may be proscribed without violating the speaker’s right *340 to free expression.” (People v Limage, 19 Misc 3d 395, 398 [Crim Ct, Kings County 2008].) (People’s mem at 7.)
For the following reasons, we find the counts of aggravated harassment in the second degree (Penal Law § 240.30 [1]) to be insufficiently alleged.
The Complaint Insufficiently Alleges Aggravated Harassment in the Second Degree (Penal Law § 240.30 [1])
In order to be sufficient on its face, an accusatory instrument must contain nonhearsay factual allegations that provide reasonable cause to believe that the defendant committed the offenses charged, and must establish, if true, every element of the offense charged. (CPL 100.40 [4] [b]; [1] [c]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].)
A person is guilty of aggravated harassment in the second degree
“when, with intent to harass, annoy, threaten or alarm another person, he or she:
“1. Either (a) communicates with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm; or
“(b) causes a communication to be initiated by mechanical or electronic means or otherwise with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm.” (Penal Law § 240.30 [1].)
However, the First Amendment of the United States Constitution forbids the silencing of speech merely because it is objectionable or offensive to the listener. (Texas v Johnson, 491 US 397, 414 [1989].) Only “well-defined and narrowly limited classes . . . including] the lewd and obscene, the profane, the libelous, and the insulting or fighting words . . . which by their very utterance inflict injury or tend to incite an immediate breach of the peace” may properly be proscribed. (Chaplinsky v New Hampshire, 315 US 568, 571-572 [1942] [internal quotation marks omitted].) As the Court of Appeals reiterated in People v Dietze (75 NY2d 47, 51 [1989]), speech alone may neither be forbidden nor penalized “unless [it] presents a clear and present danger of some serious substantive evil.”
Because of the risk that a statute proscribing communication might infringe on constitutionally protected speech, Penal Law *341 § 240.30 has been strictly construed to reach only conduct intended to threaten or harass, such as threats which are unequivocal and specific,[1] and communications which are directed to an unwilling recipient under circumstances wherein “substantial privacy interests are being invaded in an essentially intolerable manner.” (People v Smith, 89 Misc 2d 789, 791 [App Term, 2d Dept 1977]; see People v Dietze, supra [declaring the predecessor to Penal Law § 240.30, which did not require an intent to threaten, unconstitutional].)
In order to sustain a count of aggravated harassment under Penal Law § 240.30 (1), a complaint must allege a threat which is clear, unambiguous, and immediate. (People v Yablov, 183 Misc 2d 880, 883 [Crim Ct, NY County 2000] [complaint alleging that defendant left angry messages on her ex-boyfriend’s answering machine, including the statement “we’ll get you,” and called him 22 times in a period of 12 hours was insufficient to establish harassment or aggravated harassment where the defendant made no specific threat]; see e.g. People v Limage, 19 Misc 3d 395 [Crim Ct, Kings County 2008] [complaint alleging that defendant sent six threatening text messages to complainant’s phone in less than 17 hours stating that he was outside of her residence and that she would end up in the hospital facially sufficient]; Dietze at 53 [conviction for harassment reversed where defendant stated that she would “beat the crap out of (complainant) some day or night in the street”]; People v Mangarlo, 100 NY2d 569, 570 [2003] [information dismissed where defendant left five messages on Parking Violations Bureau answering machine, in which she “rained invective on two village employees, wished them and their families ill health, and complained of their job performance, as well as tickets that she had received”].)
The complaint here fails to allege a clear, unambiguous and immediate threat. During a brief telephone call, initiated by the complainant, Ms. Reyes, defendant allegedly responded to the school’s suspension of his son by telling Ms. Reyes, in substance, that she better watch it and that he was going to get her. Al *342 though it is not clear exactly what defendant intended, there is certainly no imminent threat of a specific physical harm, as there was in Limage, where defendant allegedly stated that he was outside of the complainant’s residence and that she would end up in a hospital. Defendant’s statement is almost identical to one of the many angry messages left in Yablov (“we’ll get you”), less specific than the “[I’m going to] beat the crap out of [the complainant] some day or night on the street” in Dietze and similarly ambiguous to the wishes of ill health directed toward the two village employees (and their families) in Mangarlo.
In this case, where there are no allegations that defendant issued an ultimatum threatening a specific type of harm which would befall the complainant at a predetermined time or place in the near future, the clarity and immediacy required by Dietze and Smith are lacking. In fact, as defendant rightfully argues, his alleged statement is “so ambiguous that one cannot even discern whether it constitutes a physical threat at all.” (Defendant’s mem at 5.)[2] Nothing in the complaint or the People’s motion papers convinces the court that defendant’s response to Ms. Reyes was anything more than mere words uttered in anger and annoyance. (See People v Todaro, 26 NY2d 325 [1970].)
The People argue that the defendant’s actions are an invasion of the complainant’s privacy as an individual. The Court of Appeals has held that an individual has a substantial privacy interest in his or her telephone. (People v Shack, 86 NY2d 529 [1995].) However, here, where defendant was alleged “neither to have placed the telephone call in question nor to have caused the call to be made, his conduct cannot be said to fall within the proscription of section 240.30 (1).” (People v Monroe, 183 Misc 2d 374, 379-380 [Crim Ct, NY County 2000].) Citing People v Hernandez (7 Misc 3d 857 [Crim Ct, NY County 2005]), the People argue that although Ms. Reyes, and not defendant, placed the telephone call, “it does not follow that [she] forfeited all protection from any threats of violence directed at [her] during the telephone conversation.” (People’s mem at 8.)
While Monroe and Hernandez are somewhat inconsistent as to whether a charge of section 240.30 (1) can be maintained *343 where defendant did not place the telephone call at issue, defendant here cannot be prosecuted on even the most liberal reading of those cases. Our case is easily distinguishable from Hernandez. Firstly, our complainant telephoned defendant in her official capacity as school principal, and therefore her privacy rights are not implicated. Secondly, defendant in no way solicited the call from the principal. Thirdly, as discussed in detail above, Ms. Reyes was not subjected to any “threats of violence” during the telephone conversation. Finally, defendant’s response, while perhaps rude, is hardly shocking, and certainly should not have alarmed an experienced school principal. Common sense tells us that the defendant’s alleged outburst was not the first, and will likely not be the last time that parents will react sharply to being told that their child is suspended, or perhaps is not doing as well in school as the parent might like. A school principal, like many other public servants, is required to accept a certain amount of rudeness from the public, without turning her displeasure into a criminal case.
For the foregoing reasons, we find that the complaint insufficiently alleges aggravated harassment under Penal Law § 240.30 (1) (a) and (b).
Furthermore, if all the allegations set forth in the People’s affidavit and memorandum were added to the complaint, we would still find the complaint facially insufficient, and therefore it would be futile to allow any superseding complaint. In view of the foregoing, it is unnecessary to decide whether the timing of this motion violates CPL 255.20.
Conclusion
For reasons set forth above, defendant’s motion to dismiss the counts of aggravated harassment in the second degree (Penal Law § 240.30) is granted.

. The question of whether a defendant’s communication is a true threat rather than speech protected by the First Amendment — a threshold question of law for the court — is different from the question of whether a reasonable person would interpret the communication as a true threat — a question for the jury at trial. (United States v Francis, 164 F3d 120 [2d Cir 1999]; see also People v Taylor, 19 Misc 3d 1114[A], 2008 NY Slip Op 50686[U] [Crim Ct, Kings County 2008]; People v Bonitto, 4 Misc 3d 386 [Crim Ct, NY County 2004].)

. While the precise words alleged to have been uttered by defendant are not contained in the complaint, they presumably would have been specified had they been more significant or threatening than those claimed to be their substance.