[907 NYS2d 549]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ALL STATE PROPERTIES, LLC, Care of David Ney, Defendant.

Just Ct of Vil. of Hempstead, Nassau County, June 2, 2010

## APPEARANCES OF COUNSEL

*Michael Kaper*, Babylon, for defendant. *Debra Urbano-DiSalvo, Village Attorney*, Hempstead (*Matthew Feinberg* of counsel), for plaintiff.

## OPINION OF THE COURT

TANYA HOBSON-WILLIAMS, J.

The defendant was charged with seven violations under the Code of the Village of Hempstead. Those charges included a violation of section 78-15 (using a basement as a dwelling unit), section 48-1 (A) (permitting three unrelated occupants to use the residence as living and sleeping quarters), section 78-8 (C) (improper storage and collection of garbage), section 74-11 (A) (1) (permitting garbage and debris to be placed for collection on a day not designated for collection of garbage), section 78-7 (B) (2) (failure to maintain the front fence of the premises), section 50-13 (B) (expired building permit), and Residential Code of New York State § R310.1 (failure to

provide emergency and rescue opening in a basement with habitable space).

On April 30, 2008, the defendant was arraigned and entered a plea of not guilty. On or about June 10, 2008, the defendant brought an omnibus motion requesting an order for the following relief:

1. Discovery and inspection of physical, scientific or technical evidence;

2. Directing the prosecution to furnish the defendant, pretrial, with all evidence and information of every form and nature in the possession of the prosecution or village attorney which may exculpate the defendant;

3. Directing the prosecution to file and serve a bill of particulars, pursuant to section 100.45 (4) of the Criminal Procedure Law;

4. Directing the prosecution to deliver copies of any arrest warrants, search warrants and/or court orders pertaining to the charges herein, together with any affidavits, depositions or other forms of application or support as well as any inventories and returns;

5. Controverting the search warrant issued and directing the suppression of any evidence obtained as a result of the warrant or the fruits thereof;

6. Dismissing the accusatory instruments under docket numbers B195-07 through B195F-07 on the ground that section 52-2 (7) of the Code of the Village of Hempstead violates the Fourth Amendment to the United States Constitution;

7. Dismissing the accusatory instruments against the defendant on the ground that the factual allegations contained therein are not legally sufficient to establish the commission by the defendant of each and every element of the offenses charged;

8. Pursuant to section 170.30 of the Criminal Procedure Law, dismissing the accusatory instrument(s) on the grounds that said instrument(s) are factually and unamendably defective, and/or are legally insufficient as to the nonhearsay factual allegations required under the Penal Law;

9. Dismissing the action on the ground that the manner in which the prosecution has implemented the Village Code is unconstitutional and therefore unenforceable; and

10. Permitting the renewal of all motions.[1]

On August 20, 2009, the parties appeared and each side had an opportunity to argue the motion. The court's decision is as follows:

■ The defendant's motion for discovery is granted. CPL 240.20 (1) states that a prosecutor must provide disclosure to a defendant against whom "an indictment, superior court information, prosecutor's information, information, or simplified information charging a misdemeanor is pending." The prosecution argues that disclosure under this section only directs that discovery be provided to defendants charged with felonies or misdemeanors. However, the court interprets this provision as requiring the prosecution to provide discovery to defendants who are also charged under an information not charging a misdemeanor. The Advisory Committee on Criminal Law and Procedure of 1983 recommended that section 240.20 of the Criminal Procedure Law be amended to authorize discovery in cases arising out of simplified informations charging misdemeanors. This amendment in effect added simplified informations charging misdemeanors to the existing requirement of providing discovery to defendants charged under informations that do not contain misdemeanor offenses.

Therefore, a charge outlined in an indictment, superior court information, prosecutor's information and/or an information does not have to be a felony or misdemeanor. The misdemeanor requirement only applies to simplified informations. A defendant charged with violating a village code is entitled to discovery. Further support for this position can be found in *People v Turck* (178 Misc 2d 892 [Just Ct, Rensselaer County 1998]). In *Turck*, the court reasoned that there is a distinction between an "information" and a "simplified information charging a misdemeanor," and that there is no indication that an "information," as set forth in CPL 240.20, refers only to misdemeanor informations. (178 Misc 2d at 894.) Consequently, the court grants this part of the defendant's motion.

■ The defendant's request for a bill of particulars is also granted. Pursuant to CPL 200.95, the prosecutor may refuse to comply with a request for a bill of particulars if he/she believes that the item of factual information requested is not authorized to be included or that such information is not necessary to en-

1. In the defendant's motion papers, the request is numbered from 1 to 11 but number 9 is omitted from the papers. Thus, this decision only addresses 10 of the arguments presented by the defendant.

able the defendant to adequately prepare or conduct his defense. Additionally, the prosecutor's refusal must be in writing setting forth the grounds of such belief. This provision gives the prosecutor 15 days or as soon after as practicable to serve the defendant. In the instant case, the prosecutor failed to provide the grounds for the refusal to comply with the defendant's request. Based upon the court's review of the defendant's request for a bill of particulars, it appears that several of the defendant's requests are reasonable and if the prosecution did not agree, the basis should have been set forth in writing. The prosecution is hereby ordered to comply with the defendant's request for a bill of particulars.

The prosecution has stated that they are aware of their duties under *Brady v Maryland* (373 US 83 [1963]) and will provide exculpatory evidence as warranted. The court accepts the prosecution's representation and therefore, no further direction from the court on this issue is necessary.

That part of defendant's motion seeking dismissal on the grounds that the accusatory instruments are not legally sufficient is denied in part and granted in part. A legally sufficient information must contain, inter alia, nonhearsay allegations establishing, if true, every element of the offense charged and the defendant's commission thereof as well as the allegations of the factual part of the information. (CPL 100.40.) Criminal Procedure Law § 100.15 sets forth the required form and content of a criminal information. The information must contain both an accusatory part which describes the offense charged against the defendant and a factual part which alleges facts of an evidentiary character supporting or tending to support the charges. (CPL 100.15 [2], [3].) An information is statutorily sufficient on its face when (1) it substantially conforms to the requirements of CPL 100.15, (2) contains factual allegations which provide reasonable cause to believe that the defendant committed the offense charged, and (3) sets forth nonhearsay factual allegations establishing, if true, each and every element of the offense charged and that the defendant committed the same. (CPL 100.15, 100.40 [1] [a], [b], [c]; *see also People v Alejandro*, 70 NY2d 133 [1987].) Conclusory statements in an information that are not supported by facts are insufficient and the failure to establish a prima facie case in an information is a nonwaivable jurisdictional defect requiring dismissal of the accusatory instrument. (*People v Case*, 42 NY2d 98 [1977]; *People v Hall*, 48 NY2d 927 [1979]; *People v Harper*, 37 NY2d 96 [1975].)

When ruling on the sufficiency of an information, a court must accept the factual allegations as true (*People v Casey*, 95 NY2d 354 [2000]), and is limited to reviewing the facts as they are set forth in the four corners of the accusatory document. (*See People v Voelker*, 172 Misc 2d 564 [Crim Ct, Kings County 1997, Morgenstern, J.]; *cf.* CPL 100.40 [1]; *People v Reale*, 26 Misc 3d 1208[A], 2010 NY Slip Op 50014[U] [Nassau Dist Ct, Jan. 2, 2010].)

■ The first accusatory instrument (B195-07), alleging that the basement was used as a dwelling unit in violation of section 78-15, specifically states that the deponent personally observed that the basement contained a bed and clothing and was being used as a dwelling for one male occupant. Therefore, pursuant to CPL 100.15 and 100.40 (1) (a), (b) and (c) this information is sufficient on its face and the motion to dismiss this information is denied.

The second accusatory instrument (B195A-07), alleging that the defendant was operating a boardinghouse or rooming house in violation of section 48-1 (A), specifically states that the deponent observed the use of the premises as living and sleeping quarters for three unrelated occupants. Therefore, pursuant to CPL 100.15 and 100.40 (1) (a), (b) and (c) this information is sufficient on its face and the motion to dismiss this information is denied.

The third accusatory instrument (B195B-07), alleging that the defendant maintained garbage and debris in violation of section 78-8 (C), specifically states that the deponent observed garbage and debris in the defendant's front yard and not maintained in containers. Therefore, pursuant to CPL 100.15 and 100.40 (1) (a), (b) and (c) this information is sufficient on its face and the motion to dismiss this information is denied.

The fourth accusatory instrument (B195C-07), alleging that the defendant did not place garbage in the area designated for its collection in violation of section 74-11 (A) (1), specifically states that the deponent observed that the defendant permitted garbage and debris to be maintained in the front yard which is not an area designated for collection. Therefore, pursuant to CPL 100.15 and 100.40 (1) (a), (b) and (c) this information is sufficient on its face and the motion to dismiss this information is denied.

The fifth accusatory instrument (B195D-07) charges the defendant with failing to maintain a fence in a safe condition pursuant to the Village Code. Section 78-7 (B) (2) of the Village

Code states that fences and retaining walls must be maintained in a safe condition. The information states that the deponent observed that the gate of the front fence had not been maintained and was substantially deteriorated. This information is not facially sufficient because the deponent does not allege that the fence was unsafe. The information merely alleges that the fence is not functional and is a blight. Although, the information may be amended by the prosecution, no motion to amend has been made. As the facts are insufficient to support the charge that the fence is unsafe, the information must be dismissed under CPL 170.30 and 170.35.

The sixth accusatory instrument (B195E-07) alleges a violation under section 50-13 (B) of the Village Code which states that it is a violation to continue working on a project without a building permit when a project has been deemed abandoned. A project is deemed abandoned under section 50-13 (A) of the Village Code if there is no extension of an expired building permit and the project is not completed within one year of the issuance of said permit. This sixth information, alleging that the defendant continued to work on an abandoned project, is not facially sufficient because it does not allege factually that the defendant continued working on the project after the project had been deemed abandoned. In fact, it is the failure to continue the project that led to the issuance of the information alleging that the fence was maintained in an unsafe condition. Although, the information may be amended by the prosecution, no motion to amend has been made. Consequently, this information must be dismissed under CPL 170.30 and 170.35.

The seventh accusatory instrument (B195F-07) alleges that the defendant failed to have an emergency escape and rescue opening pursuant to Residential Code of New York State § R310.1. Section R310.1 requires, inter alia, that basements with habitable space have "at least one openable emergency escape and rescue opening." The information alleges that the deponent observed that the defendant had a finished basement that lacked an emergency escape and rescue opening required by New York State. In order to determine whether this information is facially sufficient, the court must determine whether having a "finished basement" as alleged in the information is the same as having "habitable space" as outlined in the code. It has been determined that a basement is, by definition, "habitable space" which can be used for a full range of activities not permitted in "nonhabitable space." (*See People v Nicosia*, 171

Misc 2d 915, 916 [Just Ct, Valley Stream 1997], citing 9 NYCRR 606.3 [a] [19], [30], [95], [143]; 711.1 [b].) There is no definition of finished basement in the Village Code but it is logical that a finished basement would also be deemed habitable space. Therefore, pursuant to CPL 100.15 and 100.40 (1) (a), (b) and (c) this information is sufficient on its face and the motion to dismiss this information is denied.

■ ■ The defendant's motion also seeks to have evidence suppressed because evidence in the form of observations was obtained in violation of the Fourth Amendment of the United States Constitution. The prosecution argues that the defendant lacks standing to seek suppression of evidence because the defendant had no expectation of privacy. The defendant is the owner of the property but is not in possession. The property is occupied by tenants. The prosecution further argues that property ownership is only one factor to be considered when examining whether Fourth Amendment rights have been violated and that the defendant must also demonstrate a reasonable expectation of privacy in the searched premises.

Even though the defendant is a limited liability company, the protections of the Fourth Amendment apply. (*Hale v Henkel*, 201 US 43 [1906].) The Fourth Amendment to the United States Constitution states,

"[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

A corporation is an association of individuals with a distinct name and legal entity, and in organizing itself as a collective body it does not waive appropriate constitutional immunities. (201 US at 76.)

The violations charged against the defendant could ultimately result in fines, penalties and liens imposed against the property. These pecuniary interests demonstrate a direct proprietary interest in the property.

Section 710.60 (1) of the CPL states, in pertinent part, as follows:

"A motion to suppress evidence made before trial must be in writing and upon reasonable notice to the people and with opportunity to be heard. The

210

> motion papers must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds. Such allegations may be based upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated."

The attorney's affirmation submitted in support of this defendant's motion requests that evidence in the form of the code enforcement officer's observations be suppressed. The affirmation lacks sufficient factual information to permit the court to grant this part of the motion. There are seven charges against the defendant which to some degree or another involve observations of the alleged violations by code enforcement agents. The affirmation fails to specify facts such as which observations the defendant is seeking to suppress or any other facts upon which the court could review the application. The assertions seeking to suppress "observations" are too broad and conclusory to raise any factual issues to support a ruling in favor of suppression under CPL 710.60.

The prosecution's argument that the defendant lacks standing to assert this request for the suppression of evidence is not supported by the law. The Fourth Amendment of the United States Constitution protects people from unreasonable government intrusions into legitimate expectations of privacy and those rights cannot be vicariously asserted. (*See Alderman v United States*, 394 US 165, 174 [1969].)

Although the court must summarily deny the defendant's motion to suppress because the defendant's affidavit lacks sufficient specificity to support the assertion that the code enforcement agent's observations should be suppressed, the court nonetheless finds sua sponte that Village Code § 52-2 (A) (7) is unconstitutional. Village Code § 52-2 (A) (7) states, in pertinent part, as follows: "That if there are two or more motor vehicles parked on the dwelling lot registered to persons with two or more different surnames, two or more families are residing in the dwelling."

The prosecution argued that this statute is identical to and/or similar to statutes in the Villages of Amityville and East Rockaway and the Town of Southampton. If the statutes in those jurisdictions are identical to the one in the Village of Hempstead, then I would recommend those jurisdictions reexamine their statutes. Nonetheless, the court conclusively determines

that section 52-2 (A) (7) of the Code of the Village of Hempstead is unconstitutional and has no rational connection between the basic facts that the prosecutor can prove and the ultimate fact presumed. (*See Tot v United States*, 319 US 463 [1943].)

As argued by the defense, the fact that two cars are parked at a residence and are registered to persons with two different surnames should not automatically lead to the assumption that two families are residing in that dwelling. In our society, a number of married women keep their maiden name and maintain property in their own name. A person could also have visitors to their home which could result in vehicles registered under two or more names. Under this Village statute, every married couple with different surnames with vehicles registered under their own names would be presumed to be in violation of this law. In fact, this Village Justice could be presumed to be in violation based upon this presumption.[2] Those who are charged under this statute could be engaging in nonconforming conduct or not. One is as likely as the other but those who are not should not have the burden of proving they are not violating the Village Code.

An examination of other villages with similar codes mentioned by the prosecution reveals that there must be an additional condition that exists before that presumption can be made. Two cars parked with two different surnames presumptively violating the law is clearly unreasonable and must be struck down. Rebuttable presumptions require the defendant to present some evidence contesting the otherwise presumed or inferred fact. (*See Mullaney v Wilbur*, 421 US 684 [1975].) However, when a search warrant is signed, a defendant does not have an opportunity to offer evidence to rebut the presumption. Under the color of this law, there is no probable cause to issue a warrant. Any warrant obtained in pursuance of this statute was issued inappropriately and must be controverted and any evidence obtained pursuant to that warrant must be suppressed.

Although not specifically raised in this omnibus motion, the arguments concerning the recusal of Justices Clarke and McGrath are moot as both are no longer employed as Justices of the Hempstead Village Court.

---

2. My spouse and I have different surnames and our vehicles are registered under those two different names.