[909 NYS2d 321]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v PAMELA LEWIS, Defendant.

Criminal Court of the City of New York, New York County, September 14, 2010

APPEARANCES OF COUNSEL

*Legal Aid Society* (*Steven Banks* and *James M. McQueeney* of counsel), for defendant. *Cyrus R. Vance, Jr., District Attorney* (*Alexandra Lane* of counsel), for plaintiff.

## OPINION OF THE COURT

FELICIA A. MENNIN, J.

The defendant, Pamela Lewis, is charged with stalking in the fourth degree (Penal Law § 120.45 [1]), criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and harassment in the second degree (Penal Law § 240.26 [3]). She moves for an order (1) dismissing the count of stalking in the fourth degree pursuant to Criminal Procedure Law § 170.30 (1) (a) and § 170.35 (1) for lack of facial sufficiency; and (2) suppressing any and all statements given involuntarily by her.

The People oppose the motions. In their own right, the People request an order compelling reciprocal discovery.

### Facial Insufficiency

The superseding information, a self-authenticating complaint, presents the following factual allegations:

> "Deponent [Kathleen Muldoon] states that from December 3, 2009 to December 23, 2009, inside 328 East 19th Street, Apartment B, in the County and State of New York: (i) deponent observed the defendant standing inside deponent's bedroom physically blocking deponent's entrance into deponent's bedroom by closing the door in deponent's face on repeated occasions; (ii) deponent observed the defendant reach out and grab deponent's arm when deponent was moving deponent's personal property; (iii) deponent observed defendant reach out defendant's open hand and strike deponent on the hand when deponent moved to adjust deponent's radio; (iv) defendant stated in substance: YOU THINK YOU'D BE NICER TO ME IF YOU WANTED ME TO TAKE CARE OF YOUR THINGS; (v) deponent further states that deponent had placed deponent's personal items in particular places and on several occasions, defendant moved deponent's personal items including deponent's sheets, toothbrush,

clothing items, and electronics.

"Deponent further states that the above actions by the defendant caused the deponent to be in fear of physical injury, and in fear of damage to deponent's physical property. Deponent further states that deponent has suffered material harm to her mental health; [sic] to wit, since December 3, 2009 deponent (i) has been afraid to sleep due to fear that defendant will harm deponent, (ii) has been afraid to sleep due to fear that defendant will damage deponent's personal property, (iii) has been afraid to leave deponent's apartment; and (v) [sic] has been feeling extremely nervous and anxious.

"Deponent states that from January 7, 2010 to January 8, 2010, inside 328 East 19th Street, Apartment B, in the County and State of New York, deponent observed the wood on the door jam to deponent's bedroom was damaged, in that the wood was split around the knob and and [sic] lock. Deponent further states that deponent is the renter of the apartment in which the damage occurred and that the defendant is a guest in the apartment who did not have permission or authority to damage the door frame to deponent's bedroom. Deponent further states that deponent heard a Police Officer ask defendant whether defendant had broken deponent's door and defendant responded: YES."

It is axiomatic that facial sufficiency is a nonwaivable, jurisdictional prerequisite to a valid prosecution. (*People v Alejandro*, 70 NY2d 133 [1987].) In order to be facially sufficient, an information, together with any supporting depositions, must meet with three requirements: (1) allege facts of an evidentiary character supporting or tending to support the charges, pursuant to CPL 100.15 (3); (2) provide reasonable cause to believe that the defendant committed the offenses charged in the information; and (3) include nonhearsay factual allegations, which, if true, establish every element of the offense charged. (*See* CPL 100.40 [1] [a]-[c].) This third requirement is what is referred to as a "prima facie" case. (*People v McDermott*, 160 Misc 2d 769 [Nassau Dist Ct 1994].) A prima facie case, also referred to as "[l]egally sufficient evidence," means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof. (*See* CPL 70.10 [1].)

The defendant is charged with stalking in the fourth degree under Penal Law § 120.45, which in pertinent part provides that

> "[a] person is guilty of stalking in the Fourth Degree when he or she intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct:
>
> "1. is likely to cause reasonable fear of material harm to the physical health, safety or property of such person, a member of such person's immediate family or a third party with whom such person is acquainted . . . ."

The defendant argues that the factual allegations contained in the superseding information do not present reasonable cause to believe that she committed this crime. The court agrees. The accusatory instrument does establish that the defendant intentionally engaged in a course of conduct directed at the complainant, two elements of the charged offense. (*See* CJI2d[NY] Penal Law § 120.45 [1].) Repeatedly blocking the doorway to the complainant/tenant's bedroom by closing the door in her face, grabbing the complainant's arm as she was moving her personal property, striking the complainant's hand when she moved to adjust her radio, suggesting that the complainant would need to be nicer to the defendant if she wanted the defendant to take care of the complainant's personal property and moving the complainant's personal property (apparently without permission) are behaviors that were consciously directed at the complainant over a course of nearly three weeks. (*See* Penal Law § 15.05 [1].) It would be unreasonable to view these alleged behaviors as having been "by accident, inadvertence or chance encounter." (*See People v Stuart*, 100 NY2d 412, 426 [2003].)

The accusatory instrument also establishes another element of this offense, that the defendant's course of conduct served "no legitimate purpose." (*See* CJI2d[NY] Penal Law § 120.45 [1]; *People v Stuart*, 100 NY2d at 428-429.) The Court of Appeals has defined "no legitimate purpose" in this stalking statute to mean "the absence of a reason or justification to engage someone, other than to hound, frighten, intimidate or threaten." (*See People v Stuart*, 100 NY2d at 428.) In the instant case, based on the facts alleged, it is reasonable to believe that at the very least the defendant's purpose was to hound or vex the complainant.

Nevertheless, the accusatory instrument fails to establish the third element of the crime, that she engaged in her course of conduct knowing or having reason to know that such conduct: was "likely to cause *reasonable* fear of material harm to the physical health, safety or property" of the complainant. (CJI2d[NY] Penal Law § 120.45 [1] [emphasis added].) Certainly, the accusatory instrument alleges that the complainant's reaction to the defendant's conduct caused the complainant to fear for her physical safety and that of her possessions and to lose sleep as a result. However, given the relatively mild though hostile conduct depicted in the accusatory instrument, it would be unreasonable to conclude that the defendant was, or should have been, aware that her actions would have such an impact. This is because such fears would not be reasonable under the circumstances alleged. Although the defendant is said to have closed the door in the complainant's face repeatedly, the complainant is not alleged to have been injured and the door is not alleged to have been damaged from these actions. (The damage to the doorframe by the defendant referred to in the accusatory instrument is alleged to have occurred 10 to 11 days after the other behaviors alleged. It is reasonable to conclude that the allegations as to damage to the doorframe were introduced only to support the count of criminal mischief in the fourth degree.)

The legislative history of the four stalking statutes enacted into law in 1999 reveals the major impetus for this law. It was to give law enforcement a better means to deter serial actions by persons who do not necessarily intend to unjustifiably frighten or harass another person but are likely to cause that result anyway. The target was everything from the overbearing protestor at an abortion clinic to the unhinged person relentlessly pursuing someone who has rejected his professions of love or other demands.

> "[T]he Legislature enacted Penal Law § 120.45 recognizing that many stalkers are mentally or emotionally disturbed and that trying to discern their specific motivations would prove difficult, if not impossible. The statute thus focuses on what the offenders do, not what they mean by it or what they intend as their ultimate goal." (*People v Stuart*, 100 NY2d at 427.)

The Legislature also directed its attention to "[t]he high correlation between stalking behavior and the infliction of physical violence or sexual assault." (L 1999, ch 635, § 2.)

The court is unable to see the events alleged in the superseding information as falling within the scope of the stalking in the fourth degree statute. Accordingly, the defendant's motion for an order dismissing this count of the information is hereby granted. This decision is without prejudice to any effort by the People to serve and file a facially sufficient superseding information as to this count within the limits of CPL 30.30.

## Suppression of Statements

The defendant's motion for an order suppressing statements that she allegedly made to law enforcement personnel and which the People intend to offer in evidence is granted to the extent that an evidentiary (*Huntley*) hearing shall be conducted to resolve a factual issue, whether the statements were made involuntarily as defined in CPL 60.45.

If there are additional statements which the People obtained from the defendant and which they do not intend to offer in evidence in their own case, the People are directed to disclose the content of those statements to the defendant. Furthermore the *Huntley* hearing shall be expanded to consider the voluntariness of those statements in anticipation that the People will seek to use them to impeach the defendant's trial testimony.

## Reciprocal Discovery

The People's motion to compel limited reciprocal discovery pursuant to CPL 250.20 is granted.